### JOE CLEAVINGER ET AL. V. THE STATE.

#### No. 2348. Decided November 6, 1901.

**1.—Flight—Charge.**

On a trial where the court charged the jury, "The flight of a person suspected of a crime is a circumstance to be weighed by the jury as tending to prove a consciousness of guilt, and is entitled to more or less weight, \* \* \* not as part of the doing of the criminal act itself, but as indicative of a guilty mind. At most it is but a circumstance tending to establish a consciousness of guilt of the person fleeing." Held, on the weight of evidence and erroneous.

**2.—Joint Defendants—Confessions of One or More—Charge.**

On a trial of joint defendants, where the confession of one or more of the parties has been admitted in evidence, the court in its charge should directly limit the testimony as to the confession to the parties making, or against whom it is admitted, and instruct the jury that it was not to be considered against the parties not bound by same.

**3.—Reasonable Doubt—Charge.**

A charge upon reasonable doubt is erroneous which instructed the jury, that "reasonable doubt is that state of the case which, after full consideration of all the evidence, leaves the jury without an abiding conviction to a moral certainty of the truth of the accusation. But the doubt, to be a reasonable one, must not be merely speculative, imaginary, passive, or conjectural; it must be a real doubt."

**4.—Defacing a Public Building—Evidence Insufficient.**

On a trial for defacing a public building, to warrant a conviction, it must be proved that the building was owned or controlled by the public authorities for public use. See facts stated held insufficient.

Vol. 43 Crim. Rep.—18.

Appeal from the County Court of Nacogdoches.  Tried below before Hon. V. E. Middlebrook, County Judge.

Appeal from a conviction of defacing a public building; penalty, a fine of $10 against each appellant.

The indictment charged Joe T. Cleavinger, Apps Davis, J. B. Rogers, Hamilton Davis, and Nolan Ragsdale, jointly with defacing a public building, to wit, the Alazan school building.

No statement necessary.

*F. P. Brewer,* for appellant.

*Rob't A. John,* Assistant Attorney-General for the State.

DAVIDSON, Presiding Judge.—Appellants were convicted of injuring and defacing a public building alleged to be held for public use by Nacogdoches County, and the punishment of each assessed at a pecuniary fine.  Testimony was introduced tending to show flight of some of the defendants.  In regard to that matter the court instructed. the jury: "The flight of a person suspected of crime is a circumstance to be weighed by the jury as tending in some degree to prove a consciousness of guilt, and is entitled to more or less weight, according to the circumstances of the particular case in which such evidence is received; not as a part of the doing of the criminal act itself, but as indicative of a guilty mind.  At most it is but a circumstance tending to establish a consciousness of guilt in the person fleeing."  Exception was reserved to this part of the charge, among other reasons, because it was upon the weight of evidence.  The objection is well taken.  Seeley v. State, ante, p. 66.

The charge of the court in reference to confession is subject to the same criticism.  Further, as to this charge, if the question of confession should be an issue upon another trial, the court should limit this testimony pertinently and directly to the parties making the confession, or against whom the same is admitted, and the jury should be plainly instructed not to consider the same against those not bound by the party making the confession or admission.

The charge in reference to reasonable doubt is also criticised, and, we think, correctly.  Among other things, in this connection, the court instructed the jury as follows: "Reasonable doubt is that state of the case which, after full consideration of all the evidence, leaves the jury without an abiding conviction to a moral certainty of the truth of the accusation.  But the doubt, to be a reasonable one, must not be merely speculative, imaginary, passive, or conjectural; it must be a real doubt." See White's Ann. Code Crim. Proc., sec. 938, for collation of authorities.

The contention is made that the evidence is insufficient to support the conviction, in that it does not show the schoolhouse was a public build-

ing, within the contemplation of article 499, Penal Code. The only testimony in the record is from the witness Franklin, who, in substance, stated that the schoolhouse mentioned was built about eight or nine years ago, and that the public schools of Nacogdoches County for that community had been taught there since it was built. He further states it was used for church purposes. We do not believe this is evidence sufficient to show it was a public building held by Nacogdoches County for public use, within the terms of the statute cited. In Brown v. State, 16 Texas Criminal Appeals, 245, it is said: "A house may be a public schoolhouse without being a public house held for public use by the State, county, or town. A private individual may own a house, and yet use it as a public schoolhouse, as that is for the use of the public generally who desire to patronize his school by sending pupils to it. The law evidently contemplated that a building intended to be protected should be a public building owned or controlled and held by the public authorities for public use." The evidence does not meet this requirement. If, in fact, Nacogdoches had the control or ownership of this schoolhouse, it would be a matter easily proved. In our judgment, it was necessary proof in order to meet the offense denounced by the statute.

There is a complaint of the court's charge on circumstantial evidence. Upon another trial this error in the charge can be easily avoided.

For the reasons indicated, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*

Brooks, Judge, absent.