## MATT BRYAN v. THE STATE.

### No. 6400. Decided October 19, 1921.

**1.—Rape—Corpus Delicti—Charge of Court—Extra Judicial Confession.**

Where appellant contended that the trial court should have instructed a verdict of not guilty because the corpus dlicti was not sufficiently proven, taking the position that there was no proo° of the offense save by the extra-judicial confession of defendant, but the record showed that the prosecutrix gave birth to a child, and there was testimony that the defendant was the father thereof, the conviction was sustained. Besides, the defendant admitted that he was the father of such child.

**2.—Same—Impeaching Own Witness—Rule Stated.**

That a party may impeach his own witness where he states an affirmative fact injurious and in the nature of a surprise, is well settled, but if the witness merely failed to testify to facts expected to be elicited, the party offering the witness on this point cannot under the guise of impeachment supply the evidence from a third party, or get before the jury statements that are otherwise inadmissible, and in the instant case reversible error. Following Willis v. State, 49 Texas Crim. Rep., 39, and other cases.

**3.—Same—Collateral Attack—Rule Stated.**

The rule is re-affirmed that a predicate cannot be laid for contradicting a witness on a collateral matter. Following Rice v. State, 51 Texas Crim. Rep., 255.

**4.—Same—Burden of Proof—Charge of Court—Requested Charge.**

Where, upon trial of rape on a female alleged to have been mentally diseased, etc., while the court's main charge was probably not reversible error, yet in view of another trial, the special charge requested by the de-

fendant, stating the issue more clearly as to prosecutrix's mental condition than the language employed by the main charge, which was objected to because it placed the burden of proof on the defendant, should be given.

Appeal from the District Court of Knox. Tried below before the Honorable J. H. Milam.

Appeal from a conviction of rape upon a person mentally diseased, etc.; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*D. J. Brookreson,* for appellant.—On question of confession: Nolan v. State, 129 S. W. Rep., 1108; Robert v. State, 228 id., 230; Sharp v. State, 197 id., 207.

On question of impeaching witness: Howe v. State, 177 S. W. Rep., 497.

HAWKINS, Judge.—Appellant was convicted of the offense of rape, and his punishment assessed at confinement in the penitentiary for a term of five years.

The indictment charges him with rape upon one Kate Wooley, who is alleged to have been so mentally diseased at the time as to have no will to oppose the act of carnal intercourse; and alleges that appellant knew her to be so mentally diseased.

It is not necessary to set out the evidence further than it may be referred to in discussing the questions hereafter adverted to. The mental condition of the prosecutrix became a controverted issue, but the jury settled that issue in favor of the State. Appellant urges that the court should have instructed a verdict of not guilty because the *corpus delicti* was not sufficiently proven, taking the position that there was no proof of the offense save by the extra-judicial confession of appellant. We do not believe this position of appellant is sound. The evidence discloses that a child was born to Kate Wooley, and the jury having found that she was so mentally diseased as to have no will to oppose an act of carnal knowledge, the birth of a child would establish that whoever was its father had committed the offense of rape if he knew of the mental condition of Kate Wooley at the time of such carnal act. The father of prosecutrix testified that appellant admitted to him that he knew prosecutrix was in a family way, and acknowledged that he was the father of the child. This statement, if made by appellant, in connection with the circumstances heretofore alluded to, would sufficiently establish the *corpus delicti,* and would not come within the rule of extra-judicial confessions, as urged by appellant. If the admission was made by appellant, as testified to by prosecutrix's father, it would also take the case out of the realm of circumstantial evidence, within which appellant claims the case fell.

Appellant denied upon the witness stand that he had ever been guilty of any improper relations of any kind with the prosecutrix, and contradicted the statement testified to by prosecutrix's father that he had made an admission to the contrary. Appellant placed upon the witness stand Mrs. Cordie James, who testified to facts which directed suspicion to her own husband, Frank James, as being the author of Kate Wooley's condition. The record discloses that Frank James left the country about the time this unfortunate girl's condition became known, and he was still absent at the time of the trial. It also appears from the record that appellant was unaware of the fact that prosecutrix's mentality was such that she could not testify, or at least, would not be called by the State as a witness. After appellant had developed from Mrs. James a recital of the facts which pointed suspicion toward her husband, and without questioning her about the matters subsequently inquired about by the State, the district attorney on cross-examination asked her if she was not present during a conversation between appellant and Kate Wooley, and if she did not hear appellant tell Kate Wooley that "if she testified to the truth it would send him (appellant) to the penitentiary." The witness denied having heard any such statement from the appellant. She was then asked by the district attorney if she did not tell J. R. Wooley, father of prosecutrix, that she had heard appellant make such alleged statement. This she also denied. In rebuttal the State offered J. R. Wooley, ostensibly to impeach Mrs. James, and proved by him that Mrs. James had told him that appellant made the statement in question to Kate Wooley. To this appellant objected on the ground that it was not in the presence or hearing of appellant, was hearsay testimony and was an attempt to impeach a witness on a collateral and immaterial matter.

We believe the objections were good, and should have been sustained. That a party may impeach his own witness where he states an affirmative fact injurious, and in the nature of a surprise, is well settled. Ross v. State, 45 S. W. Rep., 808; Finley v. State, 47 S. W. Rep., 1015; but it is equally true that if the witness merely fails to testify to facts expected to be elicited, the party offering the witness on this point cannot under the guise of impeachment, supply the evidence from a third party, or get before the jury statements that are otherwise inadmissible. Finley, *supra*, Knight v. State, 65 S. W. Rep. 89; Willis v. State, 49 Texas Crim. Rep., 139, 90 S. W. Rep., 100; Benson v. State, 51 Texas Crim. Rep., 367, 103 S. W. Rep., 911; Finks v. State, 84 Texas Crim. Rep., 536, 209 S. W. Rep., 154, and authorities therein cited. In Rice v. State, 51 Texas Crim. Rep., 255, 103 S. W. Rep., 1156, the rule is reaffirmed that a predicate cannot be laid for contradicting a witness on a collateral matter, and approving Wharton's definition of what is a collateral matter, as follows: "The test of whether a fact inquired of on cross-examination

is collateral is this:— Would the cross-examining party be entitled to prove it as a part of his case tending to establish his plea?"

Under all of the foregoing rules the evidence elicited from J. R. Wooley was inadmissible. So far as the particular point at issue is concerned the State made Mrs. James its own witness, because appellant had not questioned her with reference to these matters in any particular. The State could properly ask her if she had not heard appellant tell Kate Wooley that if she testified to the truth it would send him (appellant) to the penitentiary, because the State would have been permitted to have proven this fact upon the development of its case in chief under the rule laid down by Mr. Wharton, because such statement would have tended to establish the plea of the State:— to-wit; that appellant was guilty of the offense of rape upon prosecutrix. When Mrs. James denied having heard appellant make any such statement she did not testify to an affirmative fact injurious to the State, but simply failed to testify to a fact which would have been helpful. It was not the issue as to whether or not Mrs. James told J. R. Wooley that she had heard appellant make the alleged statement, but the real issue was, did the appellant in fact make the statement, and when the witness Wooley was permitted to testify that Mrs. James had told him on some occasion that she had upon another occasion heard the appellant make the statement in question to prosecutrix it was supplying testimony which the State had been disappointed in eliciting from Mrs. James. To our minds it was clearly upon a collateral matter, was hearsay in so far as the appellant was concerned, was inadmissible, and may have been of a seriously injurious character.

Appellant contends that the fourth and fifth paragraphs of the court's charge shifted the burden of proof from the State to the appellant in so far as the ascertainment of the mental condition of the prosecutrix was concerned, and as to appellant's knowledge of such mental condition. The language chosen by the court in the submission of these issues was not, perhaps, as clear as it might have been, but taking them together and in connection with the entire charge, we do not believe the jury could have been misled or that they are subject, in full, to the criticism directed at them. They do present the issue in a negative way, which is always difficult and confusing; and we are inclined to believe, in view of another trial, that the special charge requested by appellant states the issue more clearly than the language employed by the court. We do not set out the charge given by the court, but the special charge requested was as follows: "The burden is upon the State to prove beyond a reasonable doubt, not only that the defendant had carnal intercourse with Kate Wooley, as alleged in the indictment, and that at the time he did have such carnal intercourse, the said Kate Wooley was so mentally diseased as to have no will to oppose such act of carnal knowledge, but you must further find and believe from the evidence, beyond a reasonable doubt, that

the defendant knew at the time that the said Kate Wooley was so mentally diseased; and unless you so find and believe from the evidence, beyond a reasonable doubt, you will acquit the defendant, and so say by your verdict."

For the error pointed out the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*