## BOB WHITMAN v. THE STATE.

### No. 7298.  Decided January 10, 1923.

**1.—Enticing and Decoying a Minor—Former Jeopardy.**

Where, upon trial of enticing and decoying a minor away from the custody of her parents, appellant interposed a plea of former conviction, and it appeared from the record on a former proceeding that instead of using the name Alberta the name of Louella was used, whereupon defendant filed a motion to dismiss which was sustained, and in the instant case the correct name of the minor was used, defendant was not placed in jeopardy by the former proceeding.

**2.—Same—Evidence—Impeaching Own Witness.**

Where, upon trial of enticing and decoying a female minor from her parents, the alleged female when placed on the stand denied that appellant had anything to do with her and had had no intercourse with her, and that she did not tell the sheriff that defendant had intercourse with her, and the State thereupon called upon the sheriff who testified that she did tell him that she had such intercourse with appellant, the same was reversible error. Following Bryan v. State, 234 S. W. Rep., 83.

Appeal from the County Court of Ellis. Tried below before the Honorable F. L. Wilson.

Appeal from a conviction of enticing and decoying a minor away from her parents; penalty, a fine of $50.00.

The opinion states the case.

*J. T. Spencer,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was charged by information with having enticed and decoyed Alberta Henry, a minor, away from the custody of her parents, and upon conviction was punished by a fine of fifty dollars.

A plea of former jeopardy was interposed and error is assigned at the action of the court in overruling same. We gather from the plea as contained in the record that at a former day of the same term of court appellant went to trial upon an information which charged him with having enticed a minor by the name of *Louella* Henry away from her parents; that after her father had testified it was discovered that the true name of the minor was Alberta and not Louella, whereupon appellant filed a motion asking that the said cause be dismissed, which was by the court sustained, and upon that action appellant bases his plea of former jeopardy. There was no error on the part of the court in overruling the same. The record discloses that the former prosecution was in an entirely separate cause, numbered differently from that in the instant case and charged him with the enticement of an entirely different party. We know of no authority which would support a plea of jeopardy under such circumstances and appellant has cited us to none in his brief.

The State's theory was that appellant had enticed Alberta Henry to go with him from Waxahachie in Ellis County to Fort Worth in Tarrant County, and proof was introduced by the State in support of that theory. However, when Alberta Henry was placed upon the witness stand by the State she denied emphatically that appellant had anything to do with her trip to Fort Worth, but testified that she went with Will Mills, and that she did not know appellant was on his way to Fort Worth until she and Mills got on the interurban. She was asked by the State if she and appellant had not had intercourse; this she denied and testified positively that she never slept with defendant or had intercourse with him while they were in Forth Worth; upon being asked if she did not tell the sheriff while on the way back to Waxahachie that she did have intercourse with Bob Whitman she denied having made such statement. The State thereupon called W. H. Forbes, the sheriff, who testified that while he was bringing Alberta Henry back to Waxahachie from Fort Worth she told him she had had intercourse with appellant. This was objected to at the time upon the grounds; (a), because the defendant was not present when she is alleged to have made such statement and he could not be bound by the ex parte statements made to the third party; (b), because it was irrelevant, immaterial and inadmissible for any purpose, as it did not tend to prove any issue in the case for which defendant was being tried.

The State through her Assistant Attorney General admits the action of the court in permitting the sheriff to so testify was reversible error. The testimony was clearly hearsay in so far as appellant was

concerned and the bill of exception fails to show on what theory it was admitted by the court. If he was under the impression that it was admissible because Alberta Henry had denied any improper relation with appellant he was still clearly wrong in admitting the evidence of the sheriff. Alberta Henry had been placed upon the witness stand by the State. She had testified to no facts which would have made pertinent such an inquiry but had only failed to testify to facts which the State may have expected to elicit from her. A party is not entitled, under the guise of impeachment testimony, to supply evidence which they may have been theretofore disappointed in eliciting. Bryan v. State, 90 Texas Crim. Rep., 175, 234 S. W. Rep., 83, and cases cited therein.

For the error pointed out the judgment must be reversed and the cause remanded.

*Reversed and remanded.*