# MARCH, 1925.

## Gus Brown v. The State.

### No. 8077.   Delivered March 4, 1925.

**1.—Sale of Intoxicating Liquor—Evidence—Possession of Whisky—Explanation of Admissible.**

Where on a trial for the sale of intoxicating liquor, appellant offers to testify that his possession of a gallon of whisky found in his possession, at the time of his arrest was lawful and on objection by the state this testimony is excluded, the cause must be reversed for such error. See Sec. 94, p. 60, Branch's Ann. P. C. and authorities there collated.

**2.—Same—Witness—Refreshing Memory of—Exhibiting Confession.**

On redirect examination the state's attorney exhibited to his prosecuting witness a writing for identification of his, witness's signature. The writing was not offered in evidence. If the purpose of state's attorney was to get before the jury the fact that witness had made a confession that appellant was identified by him, as the person from whom he had bought whisky, this was improper, but if instrument in writing was exhibited for the purpose of refreshing the memory of witness, it was proper.

**3.—Same—Witnesses—Improper Examination of—Practice.**

Where a controversy arises between counsel for the state and appellant over the admissibility of a question asked a witness and objected to, it is highly improper and might be reversible error for counsel to state in the presence of the jury what he can and will prove by the witness, if such statement is damaging to the appellant. If necessary for the enlightment of the trial court to apprise him of the facts expected to be proven, the jury should be retired, until the court has ruled on the admissibility of the evidence.

Appeal from the District Court of Hill County.   Tried below before the Hon. Horton B. Porter, Judge.

Appeal from a conviction for the sale of intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Morrow & Stollenwerck,* of Hillsboro, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, Judge.—Conviction is for the sale of intoxicating liquor with punishment of one year in the penitentiary.

The indictment contained only one count which alleged the sale of intoxicating liquor to one Robert Austin. In developing its case, and before attempting to prove the alleged sale, the state called as its first witness an officer who testified that he arrested appellant on

the night of the alleged sale at the depot and found in a suit case belonging to him a gallon jug about two-thirds full of whiskey and two empty pint bottles. Austin was next called and testified that he bought from a negro at the depot on the night of the arrest a pint of whiskey; he declined to positively identify accused as the party making the sale, only going so far as to say that appellant "looked like" the party from whom he had made the purchase. The state proved by another witness the movements of appellant and Austin at the depot which was a circumstance strongly supporting the contention of the state as to the alleged sale. Appellant denied having made any sale to Austin or to any other party and offered to explain his possession of the liquor found by the officer. If permitted he would have testified that he had purchased the whiskey in question for medicinal purposes having procured the same in Corsicana and was taking it to his home in Itasca; that he was afflicted with rheumatism at the time, that the doctor had prescribed whiskey for him and likewise for his mother-in-law, who was an old woman, and that he had procured the whiskey for medicinal purposes for both himself and her. When appellant offered to make this explanation objection was interposed by the state upon the ground that appellant was not charged with having whiskey in his possession for the purpose of sale, but was charged with selling it. The evidence was excluded and this is assigned as error.

In Sec. 94, p. 60 Branch's Ann. P. C. the author announces the general proposition that "The defendant or any other witness is entitled to explain any fact tending to create distrust of his integrity or truthfulness." Many authorities are collated supporting the text; see also the more recent cases of Boone v. State, 85 Texas. Crim. Rep. 611, 215 S. W. 310, and Skinner v. State, 251 S. W. 810. Even more pertinent to the present question is the further proposition by the same author (Sec. 97, p. 62, Branch's Ann. P. C.) to the effect that "whatever material facts are introduced that tend to affect the issue, the other side has the right to deny, contradict or explain that testimony, showing its falsity, or breaking its force and effect in any legimate way." Some thirty cases from this court are cited by the author supporting the proposition. Evidence showing the possession of a quantity of whiskey by accused shortly after the alleged sale was unqestionably material and tended to affect the direct issue under investigation. It is true accused was not charged with possessing the whiskey for the purpose of selling it, but the effect of the evidence introduced by the state was to induce the jury to believe that he had it with such intent, and was actually carrying it out. The fact of possession was introduced by the state as a criminative circumstance against him. If he could show it was purchased for medicinal purposes it is true it would be no defense to a sale of part of it, but the fact of sale

Tex. Crim.—28.

being controverted he should have been permitted to explain the purpose of its possession, thereby breaking, if he could, the force of this criminative fact put in evidence by the state. In this connection we refer to Mayo v. State, 92 Texas Crim. Rep. 624, 245 S. W. 241; Ellis v. State, 93 Texas Crim. Rep. 322, 247 S. W. 509; Warren v. State, 250 S. W. 429. The matter just discussed appears to be the chief complaint of appellant and in our opinion demands a reversal.

After Austin had testified on direct examination that he had purchased a pint of whiskey from a negro at the depot and that appellant looked like the man, it was elicited from him on cross-examination by appellant that said witness was arrested shortly after the alleged purchase and placed in jail; that thereafter he was brought before the grand jury a number of times and testified that he did not know from whom the purchase was made and could not identify the seller, but that after staying in jail some ten or twelve days he finally told the grand jury appellant looked like the man from whom he had made the purchase and that upon making this statement he was immediately released from jail; that from the time he first told the grand jury he did not know who sold the whiskey, and during the time he was in jail, he had not seen appellant. On re-direct examination the state undertook to prove by said witness that he had made a statement to the officer who arrested him in which he had identified appellant as the seller; after propounding some leading questions to the witness relative to the matter counsel for the state exhibited to him a purported written statement asking the witness to identify his signature thereto. It does not appear from the bill that the statement itself was ever offered in evidence and the particular objection as we understand it was that the state was permitted to exhibit to the witness in the presence of the jury a written instrument purporting to be a statement by the witness as to the transaction with appellant in which he identified the latter as the seller, thus indirectly getting before the jury the contents of the statement. It is appellant's contention that nothing was developed in the cross-examination of the witness which would justify the state in putting in evidence the statement or its contents. Upon the general subject of when and the manner in which proof of prior identification may be shown reference is made to Weaver v. State, 68 Texas Crim. Rep. 214, 150 S. W. 785. See also the recent case of Fortune v. State, 259 S. W. 573, which refers to Weaver's case, supra, and many others from which the correct rules may be ascertained. If it was the purpose of counsel for the state to refresh witness' recollection by the statement in question the proper procedure is suggested in Spangler v. State, 41 Texas Crim. Rep. 430, 55 S. W. 326. If it was sought to get before the jury the contents of the written statement without introducing it in evidence, same was improper and should be avoid-

ed upon another trial. As to whether the statement itself was admissible we do not discuss, that question not being before us, and having no information of its contents. This may arise upon another trial and we refer to Bryan v. State, 90 Texas Crim. Rep. 175, 234 S. W. 83; Katz v. State, 92 Texas Crim. Rep. 629, 245 S. W. 242; Whitman v. State, 93 Texas Crim. Rep. 200, 246 S. W. 1037, as throwing light upon the question.

Another bill relates largely to this same matter. It appears that the officer was placed upon the stand and interrogated relative to the identification by the witness Austin of appellant as the seller of the whiskey at the time said witness was arrested. It does not appear from the bill that the officer was permitted to testify but it does show that in a discussion of such matter before the court in the presence of the jury counsel for the state in effect told the court that if permitted to do so he could prove by such officer that the witness did so identify appellant. This is not the exact wording of the bill but such we understand to be its effect. Counsel should refrain from stating in the presence of the jury what he can prove when the controversy is as to whether such proof is properly ad-. missible.

For the errors discussed the judgment must be reversed and the cause remanded.

*Reversed and remanded.*

### DISSENTING OPINION.

LATTIMORE, JUDGE—Robert Austin swore point blank that at the depot in Hillsboro he bought a pint of whiskey from appellant; that he and appellant were in a toilet when the agreement to sell was made, and appellant told him to go back into the waiting room, get a grip and bring it to the toilet, which he did, and appellant took from the grip a pint of whiskey and sold it to witness for two dollars. Both appellant and Austin are negroes. Another negro, an employe at said depot, swore that he saw appellant and Austin go into the toilet,—saw Austin come out and get a grip and take it back while appellant was still in said place. When arrested appellant had a jar partly full of whiskey and two empty pint bottles in his grip. He claimed to have absorbed the contents of the two bottles at Corsicana the night before. He swore that the sheriff at the jail called him a G—d d—n liar and hit him over the head with a black snake whip. A number of white men who lived in the same town with appellant testified for the defense.

I regret that I can not agree that this case should be reversed because the court below declined to permit appellant to testify that he bought the gallon of whiskey found in his possession for medicine for himself and mother-in-law; that a doctor had prescribed it for

both of them. The charge against appellant was the sale of a pint of whiskey. No special emphasis was laid in the development of the case upon the fact that appellant had the larger quantity of whiskey in his grip but simply came out as part of the res gestae of the transaction.

Appellant flatly denied making the sale. In this he was contradicted by Austin. Appellant denied going into the toilet or having the grip in there. In this he was contradicted by Coffee and Austin. Appellant asserted that when arrested he had a full gallon of whiskey that he had bought in Corsicana the night before for himself and his mother-in-law. In this he was contradicted by Mr. Elliott, a white man, who testified that the gallon jar found in appellant's grip at the time of his arrest was two thirds full of whiskey. Appellant swore that the sheriff called him a G—d d—n liar at the jail and hit him over the head with a black snake whip. In both statements he was directly contradicted by the sheriff.

The jury having refused to believe appellant when he denied the sale of the whiskey, which was the direct issue in the case, it seems to me wholly improbable, in view of all the facts and the numerous contradictions of appellant, that his statement that he had the liquor for medicine for himself and his mother-in-law, would have favorably affected the verdict. Nothwithstanding they were apparently in Hill county, no doctor was offered as a witness, no mother-in-law was produced, no one of the number of witnesses from appellant's home town was asked if he knew that appellant or his mother-in-law was sick or afflicted in any way. I am unable to bring myself to believe that this court is called on to reverse this case upon the hypothesis that the naked word of this appellant on the collateral issue of whether he had the liquor for medicine or not, would or might have favorably affected the verdict of guilty of a sale of the pint of liquor. The jury gave appellant the lowest penalty. I think the judgment should be affirmed. Being unable to agree to this reversal, I respectfully record my dissent.