### F. H. BUTCHER V. THE STATE.

No. 10182.   Delivered May 26, 1926.

**1.—Adultery—Evidence—Impeaching Own Witness—When Permissible.**

Where, on a trial for adultery, a witness had made a written statement damaging to the appellant, but before the trial had recanted and informed the county attorney that she was mistaken in her written statement, and if placed on the stand she would testify contrary to her statement, it was error to permit the state to introduce the witness, and when she had denied her written statement to impeach her by proving that she had made the written statement.

**2.—Same—Continued.**

Where counsel for the state is informed that a witness will deny and contradict a statement made before the trial, he will not be permitted while in possession of this knowledge to place such witness on the stand, and then attempt to impeach such witness on the ground of suspicion. Our authorities are uniform in so holding.   See Perritt v. State, 170 S. W. 242, and other cases cited.

Appeal from the County Court of Haskell County.   Tried below before the Hon. Jesse G. Foster, Judge.

Appeal from a conviction for adultery, penalty a fine of $200.00.

The opinion states the case.

*Ratliff & Ratliff* of Haskell, *Cunningham & Cunningham* of Abilene, and *H. B. Daviss* of Corsicana, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is adultery, and the punishment is a fine of $200.00.

The complaint and information charges that the appellant lived together with and had carnal intercourse with Ossie Harvey, a woman not his wife, she being then and there married to another person. The appellant contends that the evidence is wholly insufficient to support the verdict. In view of the disposition we are forced to make of the case we find it unnecessary to pass on this question.

By a proper bill of exceptions appellant complains at the action of the court in permitting the county attorney to impeach the state's witness May Dell Leflar. This witness on direct examination by the state testified that it was not a fact that while she, the appellant and Mrs. Harvey were in Breckenridge that Mrs. Harvey and Butcher stayed in a room at a hotel at night and that she occupied another room. On the contrary she testified that she and Mrs. Harvey occupied one room and that she did not know where the appellant stayed that night. She further testified that she did not remember being in the county attorney's office, and gave testimony contradicting a written statement that the county attorney had taken from the witness. Whereupon the county attorney took the witness stand and testified that he knew the witness May Dell Leflar and that on or about August 18, 1925, she was in his office. That J. H. Lawson, Judge Foster and the witness were present and at that time she made a written statement to him and that she stated that the defendant went with her and Mrs. Harvey in a car to Fort Worth. That they left Haskell about sundown and went to Breckenridge and stayed all night in a hotel. That she occupied one room and that the defendant and Mrs. Harvey occupied another one and that the defendant and Mrs. Harvey had intercourse. The county attorney further stated that the witness stated to him that the appellant went to Mexia after his two boys and that on the return to Fort Worth, she occupied one room with the boys and the defendant and Mrs. Harvey occupied another room and that the defendant and Mrs. Harvey had intercourse. Appellant objected to the county attorney impeaching his own witness in the manner above stated. The court qualifies this bill by stating that at the time the testimony was offered by the state said May Dell Leflar had given

testimony damaging to the state and had testified that Mrs. Harvey had slept in the same bed with her on the occasions referred to and that she did not know where Butcher slept but that he had not slept on said occasions with Mrs. Harvey, and that the state was surprised at the damaging testimony of the said witness. The rule is correctly stated on page 763, Vernon's C. C. P., as follows:

"The party introducing a witness cannot attack his testimony in any manner unless the witness has stated facts injurious to such party. Mere failure to prove a given fact by a witness will not authorize an impeachment of such witness."

White v. State, 10 Tex. Crim. App. 381. Clanton v. State, 13 Tex. Crim. App. 139. Also see many other cases cited under Art. 815, page 763, Vernon's C. C. P.

The court sets out in his qualification to the bill the testimony given by the witness Leflar and we think this testimony in itself nothing more than a mere failure of the witness to testify to a given fact against the appellant. We fail to see from this testimony how it could be construed as injurious to the state's case, save as a failure to prove any given fact might be considered injurious. Aside from this, however, the rule is well settled that a party cannot put a witness on the stand knowing that his testimony will be averse and then impeach said witness by proof of another statement which other statement would be beneficial to the party offering it. Perrett v. State, 170 S. W. 316; Bryan v. State, 234 S. W. 83; Katz v. State, 245 S. W. 242; Whitman v. State, 246 S. W. 1037. This was the identical procedure in this case. The county attorney testified on cross-examination that at the last term of court which was held about the 23rd or 24th day of September, he talked with the witness Leflar in his office and that at that time she told him she was not going to swear what she had said in the statement about stopping the first time at Breckenridge. That she said that that part was her mistake. According to his sworn testmony he was not surprised at this portion of her statement because she had, prior to the time he put her on the stand, warned him that she would not testify to the facts contained in the written statement, and while in possession of this knowledge he placed her on the stand and then attempted to impeach her on the ground of surprise. This is not permissible under the authorities in this state. Hollingsworth v. State, 182 S. W. 484; Wood v. State, 189 S. W. 480; Briscoe v. State, 196 S. W. 183.

For the error above discussed the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.