E. M. HUGHES V. THE STATE.

No. 10846.    Delivered June 15, 1927.

Rehearing denied November 2, 1927.

1.—Sale of Intoxicating Liquor—Search and Seizure—Probable Cause Shown.

Where officers following an automobile saw one of the occupants exhibit a pint bottle and uncork it and hand it to his companion who took a drink out of the bottle. This fact sufficiently constituted probable cause, which authorized a search and seizure by the officers without a warrant. See McIlveene v. State, 281 S. W. 763, and other cases cited.

2.—Same—Evidence—Impeaching Witness—Harmless Error.

It was error to permit the state to prove by its own witness different statements made by said witness for the purpose of impeaching him. However, there being evidence in the record sufficient to authorize the verdict, excluding the impeaching testimony, the admission of said testimony would not constitute reversible error. See Bryan v. State, 234 S. W. 83, and other cases cited.

3.—Same—Requested Charge—Refusal Of—Must Be Excepted To.

Where appellant complains of the court's refusal to give his special charge on circumstantial evidence, and the record does not disclose any objections or exceptions to the general charge, and the requested charge reveals no exceptions noted thereon to the refusal of the court to give same, and there is no bill of exception bringing the question forward, this court is unauthorized to consider the matter complained of. See Linder v. State, 250 S. W. 703.

4.—Same—Evidence—Held Sufficient.

Where the evidence disclosed that state witness asked appellant if he had anything, and on his replying in the affirmative, he told appellant he wanted half a pint. That appellant then gave him a half pint of something in a bottle for which witness paid him $1.50. The contents of the bottle being shown to be whiskey, this evidence was sufficient to support the conviction.

ON REHEARING.

5.—Same—No Error Shown.

On rehearing, there being nothing presented which is persuasive that our original opinion was erroneous, the motion for rehearing is overruled.

Appeal from the District Court of Grayson County. Tried below before the Hon. Silas Hare, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*J. P. Cox,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of unlawfully selling intoxicating liquor, and his punishment assessed at one year in the penitentiary.

The record discloses that deputy sheriffs George Brinkley and J. H. Taylor observed the state's witness S. B. Reeves leave his automobile, enter the appellant's house, return to his car a few minutes later and drive away in company with one Josh Wright. The deputies followed Reeves and Wright to a point about two miles north of town, where they saw Reeves uncork a pint bottle about half full of whiskey and pass it over to Wright. The officers thereupon seized the whiskey, arrested Reeves and placed him in jail. It appears from the record that Reeves afterwards made a written statement to the effect that he bought the whiskey in question from the appellant and paid him $1.50 for it. The state called Reeves to the witness stand, and he testified as follows relative to a conversation and transaction had with appellant on the date of the alleged offense:

"I asked him if he had anything, and he said he did and asked me how much I wanted, and I told him I wanted half a pint, but I did not tell him what. I paid him $1.50 and he gave me a half-pint of something in a bottle. I did not taste or smell of it and could not swear as to just what it was."

At this point the State's Attorney asked the witness if he had not made a statement to him to the effect that the appellant stepped through the door and went into another room and brought back a pint bottle half full of whiskey, for which he paid appellant $1.50, which question was answered by the witness in the affirmative. This witness further testified that the deputy sheriffs seized the same bottle that he had obtained from appellant, and that he had made no change in its contents before the seizure. The deputy sheriffs testified that the bottle which they saw in Reeves' possession and which they took from Wright contained about half a pint of whiskey.

The appellant did not introduce any evidence in his behalf.

We find only two bills of exception in the record.

The first bill complains of the action of the court in permitting the state to prove by the officers that after they had seen the prosecuting witness Reeves get in his car and leave appellant's house, they followed him about two miles north of town and saw him take a bottle of whiskey, uncork it and hand it over to Josh Wright, whereupon they seized the whiskey and arrested Reeves. Appellant contends that the officers were unauthorized to seize the whiskey because they had no search warrant. This contention is untenable. The testimony clearly shows that the officers made no attempt to seize the whiskey, or to make a search or arrest, until they observed Reeves handling the whiskey in question. This constituted "probable cause" and authorized a search and seizure by the officers without a warrant. McIlveene v. State, 281 S. W. 763; Battle v. State, 290 S. W. 762; Whitworth v. State, 290 S. W. 764; Manriques v. State, 291 S. W. 231.

Bill No. 3 complains of the action of the court in permitting the County Attorney to interrogate the witness Reeves concerning the prior statement made to him, in which the witness had stated that he gave appellant $1.50 for a half-pint of whiskey, it being contended by appellant that this was immaterial and prejudicial and in his absence. The court instructed the jury that this testimony could not be considered as evidence against the appellant and was admitted for the purpose of assisting them, if it did, in weighing the testimony of the witness Reeves. This was error. The witness failed to testify to facts which the state expected to elicit from him, and the state, under the guise of impeachment, supplied this evidence from hearsay statements. See Bryan v. State, 234 S. W. 83; Katz v. State, 245 S. W. 242; Butcher v. State, 284 S. W. 219. However, there being evidence in the record sufficient to authorize the verdict, excluding the above testimony, the admission of said testimony would not constitute reversible error.

The appellant's counsel insists that the court erred in failing to submit to the jury the law on circumstantial evidence and in refusing to give appellant's special charge on this issue. The record is before us without any objections or exceptions to the court's general charge, and the special charge reveals no exception noted thereon to the refusal of the court to give same, nor is there any bill of exception bringing the question forward for our consideration. Under these circumstances, this court is unauthorized to consider the matters complained of herein. Linder v. State, 250 S. W. 703, 94 Tex. Crim. Rep. 316.

The appellant also contends that if we eliminate from the record the testimony of the witness Reeves to the effect that he

had previously stated to the County Attorney that he bought a half pint of whiskey from the appellant, which the court charged the jury not to consider as evidence against appellant, then the evidence would be insufficient to warrant the conviction. We are not in accord with this contention. The record shows that prior to the testimony complained of the witness had testified that he asked appellant "if he had anything," and told appellant that he wanted "half a pint," whereupon appellant gave him "half a pint of something in a bottle," for which the witness paid appellant $1.50. The witness Reeves further testified that this bottle and its contents were later seized by the officers, and the officers testified that the bottle seized by them contained a half-pint of whiskey. We think this testimony was amply sufficient to warrant the jury in returning a verdict of guilty.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that we were in error in affirming this case because the testimony elicited from a state witness relative to statements made by him to the prosecuting attorney were necessary to make out the state's case; appellant's contention being that we held it erroneous for the State's Attorney to elicit from said witness said statements, said witness not having given testimony harmful to the state, and not having put himself in an attitude where he could properly be impeached, or testimony offered bolstering up that given by him. We are unable to agree with appellant's contention. Omitting entirely the matters asked the witness in reference to the statements made by him, it appears from another part of his testimony that he stated positively that he had bought from appellant and paid him $1.50 for same, the bottle of liquor turned over to the officer, and which the officer declared to be whiskey.

Appellant's motion for rehearing will be overruled.

*Overruled.*