A. E. BULLOCK v. THE STATE.

No. 11872. Delivered February 27, 1929.
Rehearing denied May 1, 1929.

314

The opinion states the case.

*Scott & Reed* of Groesbeck, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Transporting intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of one year.

Three peace-officers, Talley, Hancock, and Willis, were in an automobile on the public road between the towns of Mexia and Teague at about ten o'clock at night. Their car was parked on the road and the lights were turned out. They took a position upon the road in order to intercept a man named Thorne who they had been informed would pass there in an automobile with whisky. The officers had a description of Thorne's car, which was a Chevrolet roadster. They had the number of Thorne's car and knew him personally. While the officers were waiting many cars passed. Some were traveling fast and some slow, but were not stopped by the officers. Finally a Chevrolet roadster, driven at a rapid speed, passed. As it did so, the lights on the officers' car were turned on, which caused the speed of the Chevrolet roadster to increase. The officers pursued it. The roadster was traveling at full speed and the lights upon it were flashed off and on. After traveling upon the road for about half a mile the roadster mentioned was turned into a dim country road, and after going thereon for about another half mile it turned into a cotton field where it stopped after going about 100 yards. When it finally stopped the appellant left the car and ran off. His wife was with him. The officers stopped the

appellant and one of them looked into the car and found that it contained twenty half-gallons of whisky. The officers did not know the appellant and had no ground of suspicion that he was transporting whisky except such as was formed by reason of the incidents above detailed. When the officers first began their pursuit of the appellant and his car, they did not know whether it was Thorne's car or not. They did not discover that it was not Thorne's car until they observed that it did not bear the number which, according to their information, was on Thorne's car. This discovery, we understand from the record, was made after the officers reached the appellant's car, when it was stopped and after he had fled from it.

The testimony of the officers touching the result of the search of the appellant's car, that is, the discovery of the whisky therein, was opposed upon the ground that the search was illegal. The ruling of the court in admitting the testimony is properly brought forward for review. The written confession, of the appellant, taken while he was under arrest to the effect that he had ten gallons of whisky in his car for the purpose of sale and that his wife had no knowledge that the whisky was in the car, was introduced in evidence. In the confession the following is found:

"We passed the car and they flashed the lights on us and then they started out after us. We then turned off the main road on a side road and I ran my car most as fast as it would go. We went down this road about a mile or a mile and a half and ran out into a field. When we got out in the field we got out of our car and *and* ran about 30 feet away from the car and the officers caught us."

The Constitution of Texas, Article 1, Section 9, declares that:

"No warrant to search any place, or to seize any person or thing, shall issue without probable cause, supported by oath or affirmation."

While the Constitution does not define "probable cause," the United States Supreme Court and the various state courts are in substantial accord in defining it as it has been in substance defined by the Supreme Court of this state thus:

"A reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." (Landa v. Obert, 45 Tex. Rep. 539).

An automobile, on proof of "probable cause," may be legally searched without a search warrant. The facts which determine whether or not "probable cause" exists are as varied as the prosecutions are numerous. Practically every case presents a different

state of facts. Many cases illustrating the judicial views as to the sufficiency of the evidence to establish "probable cause" are collated in Cornelius on Search & Seizure, p. 129. See also Carroll v. United States, 267 U. S. 132, 69 L. Ed. 543, and annotations in 39 A. L. R. 790. Illustrative Texas cases are Battle v. State, 105 Tex. Crim. Rep. 568; Rochelle v. State, 294 S. W. Rep. 861; Hardiway v. State, 2 S. W. Rep. (2d) 455; Washington v. State, 296 S. W. Rep. 512; Peoples v. State, 296 S. W. Rep. 536; Hughes v. State, 298 S. W. Rep. 894; Mims v. State, 1 S. W. Rep. (2d) 303; Moore v. State, 294 S. W. Rep. 550; Plant v. State, 292 S. W. Rep. 550; Coleman v. State, 11 S. W. Rep. (2d) 795; Whitworth v. State, 290 S. W. Rep. 765; Silver v. State, 8 S. W. Rep. (2d) 145; Webb v. State, 8 S. W. Rep. (2d) 165. In each of the cases cited the facts adduced were held sufficient to show "probable cause." In Odenthal v. State, 290 S. W. Rep. 743, 106 Tex. Crim. Rep. 1, the facts were held insufficient to show "probable cause." Many citations of the Odenthal case, supra, will be found in Shepard's Southwestern Citations, November, 1928, p. 538. This court is not prepared to declare that in the present instance the trial court was in error in holding that the search of the appellant's car was legal. Even if the sufficiency of the evidence to establish "probable cause" be regarded as doubtful, the confession of the appellant, together with the testimony of the officers corroborative of the confession revealing the conduct of the appellant antecedent to the search of his car, might plausibly be regarded as sufficient to support the verdict.

The judgment is affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We have examined appellant's motion for rehearing with interest but are not able to agree that the facts did not furnish the officers with "probable cause" to make the search of appellant's car. While they had no information relative to appellant or his car yet his conduct was such as might have been expected had he been the driver of the car for which they were looking, and their action in following his car was not illegal. It was after the chase terminated by the car being driven into a field and abandoned by its occupants that the officers discovered the number on the car was different from the one they had information about. It was not unnatural then for the question to arise in the

officers' minds as to the peculiar and suspicious conduct of appellant under the circumstances, and as was substantially said in the original opinion, we feel unauthorized to declare as a matter of law that the conduct of appellant did not furnish "probable cause" for the search. Appellant's motion and supplemental argument in support thereof shows much labor and pains in the examination of cases from our own court on the subject. Excerpts from these cases are presented for the purpose of showing that none of them is based upon the same state of facts here found. A realization of this prompted the expression in the original opinion that "the facts which determine whether or not "probable cause" exists are as varied as the prosecutions are numerous. Practically every case presents a different state of facts." While most of the reported cases will reveal that the officers had some advance information which led to the search, yet we do not regard this as indispensably necessary. The conduct of one in the presence of the officers may sometimes furnish "probable cause" in the absence of prior information. We deem the present case to fall within such class.

The motion for rehearing is overruled.

*Overruled.*

MORROW, P. J., not sitting.