ROBERT TUCKER v. THE STATE.

No. 12923. Delivered February 5, 1930.
Reported in 24 S. W. (2d) 433.

The opinion states the case.

*Scott, Casey & Hall* of Marshall, for appellant.

*John E. Taylor,* County Attorney and *Benjamin Woodall,* Assistant County Attorney, both of Marshall, and *A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful sale of intoxicating liquor; penalty, one year in the penitentiary.

H. D. Vines and another received money in bills from the officers for the purpose of going out and buying whiskey. Of these one was a five and the other a one dollar bill, a record of their numbers being kept for future identification purposes. The two started to the home of Carvis Keys, with whom they had arranged the day before to buy whiskey. One the road they saw Keys, the appellant and another party traveling in a Ford coupe, apparently owned by appellant. At this time and place they testified they bought from appellant two gallons of whiskey, paying him therefor $14.00 in money, being in the denomination of two five and four one dollar bills. They then immediately took the liquor so purchased to the said officers who went out in search of appellant and found him at the home of Silas Kennedy. Some of his companions were there drunk. His car was standing nearby. They searched his car and found therein a copper coil, a sack of sugar, a shotgun and some other articles. They arrested him and found on his person a five dollar bill and a one dollar bill, the numbers of which corresponded to those previously given the two witnesses before mentioned.

The officers operated without either a warrant of arrest or search warrant. It is claimed that the search of the car and the arrest of appellant being illegal, the testimony both as to the contents of the car and as to the money found on the person of appellant was inadmissible because in violation of appellant's constitutional rights protecting him against unreasonable searches and seizures.

Before searching appellant's car the officers had information of the facts aforesaid, which we think are sufficient to show probable cause for the search of appellant's car. Bullock v. State, 16 S. W. (2nd) 1077, and authorities there cited. Moreover, the testimony of what was found in the car does not impress us with being of that harmful character which would justify reversal under the particular facts of this record and in view of the minimum penalty assessed.

The admission of the result of the search of appellant's person revealing the presence of the bills heretofore mentioned was rendered harmless by the testimony of appellant, who took the witness stand and from whose testimony the inference is clear that he was in possession of the two bills, as testified to by the searching officers.

Having in effect placed the same evidence before the jury as that objected to, appellant is in no position to complain. Bevers v. State, 9 S. W. (2nd) 1040.

Believing the evidence sufficient and finding no errors in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.