TOM BOYD V. THE STATE.

No. 15713. Delivered March 15, 1933.
Rehearing Denied April 26, 1933.
Reported in 59 S. W. (2d) 145.

The opinion states the case.

*J. F. Cunningham,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully transporting intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for two years.

The following is the substance of the state's testimony: Two officers (apparently highway patrolmen) were looking for a car on the road which they had learned was running with a license number of plate which did not belong on the car. The description which the officers had of the car with the changed license number coincided with that which was driven by the appellant. When they first noticed him on the road, the speed of his car was about 30 or 35 miles an hour. As they approached him, he increased the speed of his car and continued to do so until it was running at about 75 miles an hour. After chasing the car for about four miles the appellant and his companion abandoned it. After its abandonment, the officers went to the car and found sitting between the seats a number of containers in which there was a total of about ten gallons of alcohol. The appellant was recognized by the officers. Other circumstances were introduced which served to identify the appellant as the person who was the possessor of the car in which the alcohol was found.

In their assumption that the car driven by the appellant was the one on which the license plate had been changed, the officers were mistaken. However, the appellant's anxiety to avoid them and his efforts to that end, the abandonment of the car, and his flight thereafter, led the officers to believe that intoxicating liquor was being transported in the car.

The evidence upon which the trial court based the reception of the testimony of the officers showing the result of the search was investigated in the absence of the jury. We are not prepared to hold that the court committed error in concluding that the facts were such as to warrant him in overruling the appellant's objection to the introduction of proof that the automobile contained alcohol. As stated in some of the books, the facts showing probable cause for the search of an automobile without a search warrant are as varied almost as the transactions occur. The facts in the present case are quite similar to those in Bullock v. State, 112 Texas Crim. Rep., 313, which were held sufficient to justify the reception of the evidence

showing the result of the search of an automobile without a warrant.

Upon the record before us, we are constrained to order an affirmance of the judgment. It is so ordered.

*Affirmed.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We have again reviewed the record in the light of the motion for rehearing and oral argument thereon. There is no doubt in our mind that the facts furnished probable cause for the search of the car.

The other point stressed is that appellant's identity as the driver of the car is in doubt under the facts. Such insistence is based on the claim that Helms (the owner of the car) and appellant were similar in appearance, and that the state's witness was mistaken in identifying appellant as the driver. The state's witness, an officer, testified on direct examination, "I know Tom Boyd, the defendant in this case. * * * I saw him driving a car. * * * I had occasion to follow him. * * * He was driving an Oakland coach." On cross-examination, "I am not mistaken in this man. I am positive I am not mistaken. I could not be mistaken, because I have arrested him before."

After appellant had introduced evidence on the issue of alibi, and evidence to the effect that appellant and Helms resembled each other, he called as a witness Johnny Crow who knew both of the parties. On direct examination the witness said Helms would weigh about 170 pounds, "was sandy-haired or red-headed." On cross-examination he testified, "I have described the man I sold that car to (referring to Helms). I see that man there (appellant). I think I could tell them apart. I don't think I would have any trouble telling them apart. I think I could tell them apart across this court room. * * * I would have no trouble in distinguishing that man and this man here at any distance that I could see them." On re-direct examination he said, "Helms was not as red-headed as this man, but he was light-headed, more light-headed than this man. The main difference is in the height; he is not as tall, and is heavier."

In view of the evidence on controverted issues this court would not be warranted in disturbing the verdict of the jury which settled the issues in favor of the state.

The motion for rehearing is overruled.

*Overruled.*