A witness was asked by state's counsel the following question:

"Q. Was the defendant in full possession of his physical and mental faculties at the time you saw him?"

The witness replied, "No."

Another witness testified: "I saw the defendant in the city jail. * * * The defendant was asleep and I smelled liquor on his breath, and in my opinion he was drunk."

Several witnesses who saw the appellant at the time of his arrest stated that he was drunk; others stated that he did not appear to be drunk.

The case was tried before the court without a jury. The occurrences mentioned, relied upon by the appellant, are not regarded as offending against the statutory provision inhibiting the use of the confession of one accused of crime which is made while under arrest and unwarned. See article 727, Vernon's Ann. C. C. P. 1925, vol. 2, p. 812, and annotations.

It has been held that the statute was not violated where a witness testified that he knew the voice of the accused and recognized him by his voice at the time he was under arrest. See McKee v. State, 118 Tex. Cr. R.

479, 42 S.W.(2d) 77. See, also, Briscoe v. State, 106 Tex. Cr. R. 402, 292 S. W. 893. It has also been held that a witness may testify that he observed the appellant's conduct and that he appeared to be angry. See Powdrill v. State, 62 Tex. Cr. R. 442, 138 S. W. 114. See, also, Sealey v. State, 120 Tex. Cr. R. 63, 47 S.W.(2d) 835; Rippey v. State, 86 Tex. Cr. R. 539 (see page 547), 219 S. W. 463; Moore v. State, 87 Tex. Cr. R. 569, 226 S. W. 415.

The judgment is affirmed.

## BAUGHN v. STATE.

### No. 16840.

Court of Criminal Appeals of Texas.

June 29, 1934.

Tom B. Bartlett and Chas. E. Reagan, both of Marlin, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

We see no need for setting out the facts at any length or other matters of procedure herein in which we do not find any error. An officer testified that he and others went to appellant's place of business in Marlin, Tex., and found there eleven half gallons of whisky, and in a back room a man named James, who was taking a drink of whisky out of a glass; appellant being present in said room. The state introduced James, who swore that he did not buy the whisky he was drinking when the officers came in. Asked if he had not been there before and had drinks and paid for them, he said he had not paid for any. On cross-examination he affirmed these facts. On redirect he was asked by state's attorney if he had not testified before the grand jury that he had bought whisky from appellant on former occasions, and said he did not remember being asked regarding same nor any answer made by him to the effect that he had. Thereafter, over objection, the state's attorney took the witness stand and testified that James had sworn before the grand jury that on prior occasions to the raid mentioned he had bought whisky at appellant's place and paid for it. Appellant did not take the stand and testify, but his wife testified that he had bought some whisky from a man prior to said raid, purposing to keep the whisky and use it Christmas. There was no other testimony before the jury affirming any sale of whisky by appellant.

■ We believe the impeaching testimony of the state's attorney erroneously received. If we understand it, the state wished to prove in this case not only that appellant was in possession of a quantity of whisky from which his possession for purposes of sale might be presumed, but also that on occasions before the raid appellant actually sold whisky to James, and the state put James on the stand for the purpose of making this proof, and he refused to affirm such prior purchase; whereupon the state laid its predicate and proceeded to impeach him by proof of what he had said before the grand jury. We think this not a case in which a state witness has given affirmative and harmful testimony, nor one in which he had misled the state's attorney upon consultation, as to any testimony which he would give in the case. The fact that a witness for either party merely fails to make some proof expected of him, would not justify his impeachment by the party introducing him. Bennett v. State, 24 Tex. App. 73, 5 S. W. 527, 5 Am. St. Rep. 875; Renn v. State, 64 Tex. Cr. R. 655, 143 S. W. 167; Bryan v. State, 90 Tex. Cr. R. 177, 234 S. W. 83; Katz v. State, 92 Tex. Cr. R. 633, 245 S. W. 242; Whitman v. State, 93 Tex. Cr. R. 200, 246 S. W. 1037. This is especially true when, as here, the impeaching testimony puts before the jury a material and harmful fact.

■ The learned trial judge qualifies appellant's bill of exceptions by saying that state's counsel told the court that this witness had testified before the grand jury that he had bought whisky from appellant before the raid, and that he (state's counsel) put him on the stand thinking he would testify as he had before. We do not understand that in such case counsel who had heard the prior statement or testimony of the witness, and without present consultation puts the witness on the stand expecting him to testify as he had before done, would have the right to affirmatively impeach such witness by proving that he had in fact given such former testimony, unless, as we have already said, the witness testifies to facts injurious to the side introducing him. We understand that in such case, for the purpose of refreshing the recollection of the witness who has disappointed counsel introducing him, or as showing surprise of the party calling such witness, he may be asked if he did not give the testimony on some former occasion, but, if the purpose be the impeachment of the witness in case he persists in his denial, the trial court should not allow his impeachment by proof of the truth of the fact which the witness has denied. White v. State, 10 Tex. App. 397; Bennett v. State, 24 Tex. App. 73, 5 S. W. 527, 5 Am. St. Rep. 875; Renn v. State, 64 Tex. Cr. R. 655, 143 S. W. 167; Floyd v. State, 117 Tex. Cr. R. 387, 36 S.W.(2d) 739.

For the error of the court indicated, the judgment will be reversed, and the cause remanded.