PAT MARTIN V. THE STATE.

No. 18885.   Delivered May 26, 1937.

The opinion states the case.

*Allen D. Dabney,* of Eastland, and *Smith & Smith,* of Anson, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft of cattle; punishment, two years in the penitentiary.

We deem it necessary to discuss but one proposition, which is brought here in appellant's bill of exceptions No. 13. The State's main witness was one Wright, a brother-in-law of appellant, who swore that about a week before this alleged theft appellant was at the home of witness in Eastland County, Texas, and there told him of two cows belonging to Mr. Thane in Jones County where appellant lived, and made arrangements with Wright, upon receipt of a letter from appellant, to come to Jones County and get said cows and haul them back down to Eastland County; also that upon receipt of a letter a few days later witness went to Jones County, and to the home of appellant, and that the same night he and appellant stole the two cows mentioned. Witness testified that his wife,—a sister of appellant,—was present in Eastland County and heard appellant promise to pay witness if he would come to Jones County and get said cows.

At the conclusion of the testimony of witness Wright the record shows that the State put Mrs. Wright on the stand, and,

—without any showing of prior consultation with the witness or investigation or inquiry as to what she would testify,—the following occurred, as reflected by said bill: The State handed Mrs. Wright a purported written instrument and asked her to examine same, and answer if the name affixed was her signature, to which she answered that it was not. The district attorney then asked her if it was not a fact that she signed the statement in the presence of Ben Bailey and Otis Miller, to which she answered she did not. The State was then permitted, over objection of appellant, to read from said statement, in the presence of the jury, certain questions, asking her if she had not made them and signed her name to them. We quote from the bill at this point, as follows:

"Ques. 1. Isn't it a fact that you said in said statement that Pat Martin, the defendant, told Elmer Wright, in your presence, that he, Martin, wanted Wright to come to his place on W. B. Thane's farm in Jones County, Texas, and get two heifers belonging to Martin, and pasture them for him, and that he, Martin, would give to Elmer Wright $5.00 and expenses for making the trip, and would pay him for pasturing the cattle, to which the witness answered she did not make such statement.

"The said district attorney was further permitted over the objections of the defendant, to ask the witness by reading from the purported written statement, if the witness had not said:

" 'That the defendant Martin told her, he wanted her (the witness) to get Elmer Wright to testify on the trial of Martin's case that B. W. Thane gave the two heifers to Martin to get him to remain quiet about some embarrassing matter, concerning the said B. W. Thane, of which Martin had knowledge,' to which the witness answered she had not made such statement.

"The said district attorney was further permitted over the objections of the defendant, to ask the witness, by reading from the purported statement, if she, the said witness, had not stated that the said defendant Pat Martin told her that if he could get out of this trouble he would give some one $50.00, to which she answered she had not."

Exceptions were reserved to the putting of the matter contained in these questions before the jury. The bill is qualified by the trial court with the statement that the State was entitled to plead surprise under the facts. The judge further certifies in said qualification that the court does not say that the district attorney read from the statement in asking the

questions. We note that the court did not certify that the district attorney did not read from the statement,—and the entire form of the bill of exceptions, with quotation marks around the supposed questions, as above appears, was evidently before the trial court, and the bill was approved, and in this condition we take it that the questions were asked as if read from the written statement as above indicated.

Manifestly the admission of the above, if standing alone, and disconnected and not supported by proof that the witness did make and execute the written statement shown her, would be clearly erroneous; and we note from the record that when Mrs. Wright left the witness stand the State put Mr. Ben Bailey on and he affirmed that he was present when Mrs. Wright signed the written statement referred to in the above questions; that she read same, and said that was what she wanted to say, and he then saw her sign said written statement.

We have had the identical question often before us and have tried to write what we regard as the law applicable. As we said in Baughn v. State, 73 S. W. (2d) 856:

"We think this not a case in which a state witness has given affirmative and harmful testimony, nor one in which he had misled the state's attorney upon consultation, as to any testimony which he would give in the case. The fact that a witness for either party merely fails to make some proof expected of him, would not justify his impeachment by the party introducing him. Bennett v. State, 24 Tex. App. 73; 5 S. W. 527, 5 Am. St. Rep. 875; Renn v. State, 64 Tex. Cr. R. 655, 143 S. W. 167; Bryan v. State, 90 Tex. Cr. R. 177, 234 S. W. 83; Katz v. State, 92 Tex. Cr. R. 633, 245 S. W. 242; Whitman v. State, 93 Tex. Cr. R. 200, 246 S. W. 1037. This is especially true when, as here, the impeaching testimony puts before the jury a material and harmful fact."

We also said in Bryan v. State, 234 S. W. Rep., 84, as follows:

"We believe the objections were good, and should have been sustained. That a party may impeach his own witness where he states an affirmative fact injurious, and in the nature of a surprise, is well settled (Ross v. State, 45 S. W. 8081 Finley v. State, 47 S. W. 1015), but it is equally true that, if the witness merely fails to testify to facts expected to be elicited, the party offering the witness on this point cannot, under the guise of impeachment, supply the evidence from a third party, or get before the jury statements that are otherwise inadmissible.

Finley v. State, supra; Knight v. State, 65 S. W. 89; Willis v. State, 49 Tex. Cr. R. 139, 90 S. W. 1100; Benson v. State, 51 Tex. Cr. R. 367, 103 S. W. 911; Finks v. State, 84 Tex. Cr. R. 536, 209 S. W. 154, and authorities therein cited. In Rice v. State, 51 Tex. Cr. R. 255, 103 S. W. 1156, the rule is reaffirmed that a predicate cannot be laid for contradicting a witness on a collateral matter, and approving Wharton's definition of what is a collateral matter, as follows:

"The test of whether a fact inquired of on cross-examination is collateral is this: 'Would the cross-examining party be entitled to prove it as a part of his case tending to establish his plea?'"

For other authorities on the same point see Katz v. State, 245 S. W. Rep., 242; Whitman v. State, 246 S. W. Rep., 1037; Butcher v. State, 284 S. W. Rep., 219; Barham v. State, 93 S. W. (2d) 741.

The unquestioned effect of what was here done was to put before the jury what the State claimed took place at the time and place mentioned by the witness Wright as transpiring in Eastland County, viz: that appellant did then and there propose to Wright to come to Jones County and get certain cows, and he would pay him for hauling them.

Mrs. Wright gave no positive or affirmative testimony injurious to the cause of the State. She merely stated that she did not hear the proposition affirmed by her husband. She did not affirm that no such conversation took place, but merely said she did not hear it. Under the guise of impeachment, the State was permitted to put before the jury the fact that the woman had affirmed, in the presence of Mr. Bailey, that the conversation did in fact take place. This we regard as clearly injurious and erroneous.

For the error mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*