C. I. CANNON v. THE STATE.

No. 4945.   Decided March 20, 1918.

**1.—Murder—Poisoning—Convict—Impeaching Own Witness—Hearsay.**

Where, upon trial of murder by poisoning, the State introduced a convict as a witness who failed to give any testimony either favorable or derogatory to the State, it should not have been allowed over the objection of the defendant to require said witness to identify the written statement which said witness had sworn to in the penitentiary, and to testify as to its contents and that he made it in the absence of defendant, etc.; the witness swearing on cross-examination that he signed said statement to secure his release and that it was not true.   This evidence was hearsay.

**2.—Same—Rule Stated—Impeaching Own Witness—Surprise.**

The rule of law which would permit testimony of this character to be introduced would be occasioned by circumstances authorizing the party intro-

ducing the witness to impeach him by showing he made contradictory statements, and this can only be done when the witness gives testimony which is actually prejudicial to the case of the party offering him, and when said party is surprised by his adverse testimony. Following Skeen v. State, 51 Texas Crim. Rep., 39, and other cases.

### 3.—Same—Evidence—Co-conspirators.

Statements of a co-conspirator prior to the time the offense was committed are admissible in evidence.

### 4.—Same—Evidence—Conspiracy—Subsequent Declarations.

Alleged conversations with a co-conspirator subsequent to the commission of the offense are not admissible in evidence, unless they come under the exceptions to the rule which admits them as res gestae, or while the co-conspirator was in possession of the proof of the crime. Following Draper v. State, 22 Texas, 401, and other cases.

### 5.—Same—Charge of Court—Name of Person Injured.

. Where the indictment charged murder by poison with intent to kill a person named therein and also some persons to the grand jury unknown, a charge of the court which authorized the conviction if the evidence proved an intent to injure or kill said party named, or any other person, instead of one unknown to the grand jury, the same was reversible error. Following Brewer v. State, 18 Texas Crim. App., 456.

Appeal from the District Court of Motley. . Tried below before the Hon. J. H. Milani.

Appeal from a conviction of murder by poisoning; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Bouldin & Surles,* for appellant.—On question of impeaching own witness: Dunnigan v. State, 44 S. W. Rep., 148; Wells v. State, 67 id., 1020; Smith v. State, 78 id., 519; Ware v. State, 92 id., 1093; Skeen v. State, 51 Texas Crim. Rep., 39, 100 S. W. Rep., 770; Ozark v. State, 51 Texas Crim. Rep., 106, 100 S. W. Rep., 927; Taylor v. State, 77 Texas Crim. Rep., 376, 179 S. W. Rep., 113; Messenger v. State, 198 S. W. Rep., 330.

On question of testimony of co-conspirator: Spencer v. State, 52 Texas Crim. Rep., 289, 106 S. W. Rep., 386; Choice v. State, 52 Texas Crim. Rep., 285, 106 S. W. Rep., 387; Green v. State, 50 S. W. Rep., 1115; O'Quinn v. State, 55 Texas Crim. Rep., 18, 115 S. W. Rep., 39; Ripley v. State, 51 Texas Crim. Rep., 126, 100 S. W. Rep., 943; Pinkerton v. State, 71 Texas Crim. Rep., 195, 160 S. W. Rep., 87; Martinez v. State, 75 Texas Crim. Rep., 416, 171 S. W. Rep., 1153; Hollingsworth v. State, 78 Texas Crim. Rep., 489, 182 S. W. Rep., 465.

On question of court's charge: Reed v. State, 16 S. W. Rep., 99; Whitcomb v. State, 17 id., 258; Drechsel v. State, 34 id., 934; Hood v. State, 34 id., 935; Spencer v. State, 52 Texas Crim. Rep., 289, 106 S. W. Rep., 386; Owens v. State, 12 S. W. Rep., 506; Parks v. State, 16 id., 532; Dill v. State, 33 id., 126.

On declaration of third party: Holland v. State, 45 S. W Rep.,

727; Young v. State, 69 id., 153; Collins v. State, 66 id., 840; Moore
v. State, 72 id., 595; Goodman v. State, 83 id., 196.

On question of insufficiency of the evidence: Jorasco v. State, 6
Texas Crim. App., 238; McKay v. State, 90 S. W. Rep., 653; Collum
v. State, 69 Texas Crim. Rep., 165. 153 S. W. Rep., 1144; Martin v.
State, 189 S. W. Rep., 262.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The appellant was charged with poisoning a
reservoir of water with intent to kill and injure persons to the grand
jurors unknown, and in another count with intent to injure and kill
W. W. Waldrup. His trial resulted in a conviction and sentence to
confinement in the State penitentiary for a period of four years.

The witness Edwards while a convict in the penitentiary made and
swore to a statement in writing containing facts incriminating appel-
lant. The State introduced him as a witness and he failed to give
any testimony either favorable or derogatory to the State. He was then
required, over the objection of the appellant, to identify the written
statement and to testify as to its contents and that he made it in the
absence of appellant and while he was confined in the penitentiary. He
added on cross-examination that it was made for the purpose of secur-
ing his release and that it was not true. This evidence was hearsay.
The only rule of law of which we are conversant which would permit
testimony of this character to be introduced would be occasioned by
circumstances authorizing the party introducing the witness to impeach
him by showing he had made contradictory statements. This can only
be done when the witness gives testimony which is actually prejudicial
to the case of the party offering him and when such party is surprised
by his adverse testimony. Wharton's Crim. Ev., sec. 484a, p. 1003,
vol. 1; Bailey v. State, 37 Texas Crim. Rep., 579; Smith v. State, 45
Texas Crim. Rep., 520; Skeen v. State, 51 Texas Crim. Rep., 39, 100
S. W. Rep., 770. In Branch's Ann. P. C., page 95, section 164, there
are collated a great number of cases supporting the rule stated.

We think the objection to the part of the testimony of R. H. Howell
to statements which he claims were made to him by W. R. Tolbert prior
to the time the offense was committed was not well taken. The alleged
statements were made under circumstances tending to show that Tol-
bert and appellant were co-conspirators. The testimony of the witness
Howell relating to alleged conversations with Tolbert subsequent to the
commission of the offense, we think, were obnoxious to the rule which
rejects the declaration of a co-conspirator made in the absence of the
accused subsequent to the completion of the crime to which the con-
spiracy related. Draper v. State, 22 Texas, 401, and other cases listed
in Branch's P. C., p. 354, sec. 695. There are exceptions to this rule
admitting declarations which are res gestae or made by the co-conspira-
tor while in possession of the fruits of the crime. Eggleston v. State,
59 Texas Crim. Rep., 542, and other cases cited in Branch's Ann. P. C.,

sec. 695, supra. The facts involved do not, in our opinion, come within the exception.

The court submitted to the jury two counts of the indictment only, namely, that charging the poisoning with intent to kill Waldrup and that charging poisoning with intent to kill some person to the grand jurors unknown. The matter was submitted to the jury in a paragraph authorizing conviction if the poisoning was to "injure or kill W. W. Waldrup or any other person." Complaint is made of that part charging "any other person." Our law, article 456, Code of Criminal Procedure, requires the name of the person intended to be injured to be set out, if known, but if unknown to the grand jurors that fact may be alleged but it must be proved. Vernon's C. C. P., p. 202; Brewer v. State, 18 Texas Crim. App., 456. We do not think that a charge authorizing the jury to convict if the intention was to kill "any other person" would be justified under this allegation. The charge should conform to the indictment, namely, instruct that the conviction would be authorized if the act was done with the intent to injure some person to the grand jurors unknown. Such a charge, however, should not be given unless there was proof of the fact.

Because of the errors pointed out the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*

PRENDERGAST, JUDGE, absent.