### J. B. DUNLAP v. THE STATE.

No. 9312.   Delivered June 10, 1925.

1.—Transporting Intoxicating Liquor—Charge of Court—Practice on Appeal.

Where the charge of the court, on the trial below, has been corrected to meet the objections raised by the exception to same, no complaints to the charge as it was written before correction should be presented on appeal, unless the correction does not respond to the exception raised.

**2.—Same—Charge of Court—Interest in Liquor—Not Essential.**

It is not essential that one transporting intoxicating liquor shall have any interest in same. One may grossly violate the law against transporting intoxicating liquor, who has no interest whatever therein. Special charges requested by appellant presenting the theory that he must have had some interest in the liquor transported, were all properly refused.

**3.—Same—Facts Proven—For Jury to Determine.**

The facts proven in each case is for the jury to determine, and unless the verdict be without support, or so manifestly contrary to the testimony, as to indicate a lack of calm judgment on the part of the jury, it will not be disturbed. In this case, the story told by appellant does not comport with reason, but is more in harmony with many of the ridiculous stories that appear in records here, in which men found in possession of liquor in violation of law, attempt to make hasty and unreasonable explanations.

Appeal from the District Court of Lubbock County. Tried below before the Hon. Clark M. Mullican, Judge.

Appeal from a conviction of transporting intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*J. P. Word, Vickers & Campbell,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in district court of Lubbock County for transportation of intoxicating liquors; punishment, one year in penitentiary.

No bill of exceptions appears in the record. The exceptions taken to the court's charge set out that same were properly presented to the court and upon the court's refusal to correct the charge, an exception was taken. The exceptions so taken are mainly to the failure of the court to tell the jury that appellant would not be guilty unless he knew the intoxicating liquor was in the car when he drove it. This is phrased in another exception differently by stating that the court does not submit affirmatively the defensive issues, but it amounts to the same thing. Either the exception was without merit or the charge of the court was corrected in response thereto, for paragraph five of the main charge is as follows:

"Before you can convict the defendant in this case, you must believe from the evidence, beyond a reasonable doubt, that he knew that liquor was in the automobile, and that he transported same, as alleged in the indictment, and if you have a reasonable doubt of this fact, you will give him the benefit of such doubt, and say by your verdict, not guilty."

Appellant requested four special charges. A charge instructing the jury that the accused would not be guilty of transportation of

intoxicating liquor unless he had an interest in such liquor, would manifestly be incorrect. One may grossly violate the law against transporting intoxicating liquor, who has no interest whatever therein. Each of the first three special charges asked were properly refused because they contained this erroneous statement of the law. The fourth special charge sought to have the jury instructed on the law of circumstantial evidence. In our opinion this is not a case dependent on that character of testimony. Two officers were in an alley and a Ford car came along in same. It was being driven by a man named Martin. When at a point near where the officers were, the car was stopped and Martin got out of same. Both officers testified that appellant was in the car and then took the wheel and drove the car out of the mouth of the alley and on to the street where he stopped the car. The officers followed him and arrested him at or near the car. Search of the car disclosed the presence of a gallon glass jug of whiskey, a two gallon white jug of the same liquor, and a bottle with whiskey in it, and also two empty bottles, in the car. When the officers approached the car, according to their testimony, appellant drew an automatic pistol upon one of the officers.

Appellant defended upon the proposition that he did not drive the car to the point where he was arrested, and had no connection with or knowledge of the fact of there being any whiskey in it. He testified that he came to Lubbock on the day of his arrest with Martin, the man whom the officers said got out of the car just before they arrested appellant, and that on the way to Lubbock they picked up another man who put something in a gunny sack in the back of the car. He testified that after reaching Lubbock Martin agreed for the stranger to use his car and drive it around town. Later he said that he saw Martin who told him to watch out for his car and tell the man who had it that he, Martin, wanted it. This appellant agreed to do. He further testified that later the stranger came along in Martin's car and that he told him that Martin wanted said car and that said stranger agreed to drive the car to where Martin was. Appellant said he got in the car with this stranger who drove over into the southwest part of Lubbock; that witness was not familiar with the town. That when they got over in that part of it the stranger got out of the car and pulled a pistol out of his pocket and handed it to witness and told him to keep it until he got back, and that witness took the pistol and put it in his overcoat pocket, whereupon the stranger got out of the car and witness had not seen him any more. He said that about five minutes after the stranger stopped the car the officers came up to it and arrested him. He denied drawing the gun on the officers. He averred that he did not drive through the alley with Martin, and claimed that he knew nothing about the liquor. He swore that he did not know Martin was in the immediate

neighborhood of the place where he was arrested, and said he had not seen Martin since in the afternoon. He admitted being in the car where the liquor was, but said that he could not drive a car and did not know how to use the pistol which the officers found in his possession.

The reconcilation of conflicts in the testimony is a matter for the jury, and unless the verdict be without support, or so manifestly contrary to the testimony as to indicate lack of calm judgment on the part of the jury, we decline to disturb such verdicts. The story told by appellant does not comport with reason, but is more harmony with many of the ridiculous stories that appear in records here in which men found in possession of liquor in violation of law attempt to make hasty and unreasonable explanations.

Being unable to agree with any of appellant's contentions, the judgment will be affirmed.

*Affirmed.*