ARTIE JACKSON v. THE STATE.

No. 9268.   Delivered October 28, 1925.

Rehearing denied March 3, 1926.

1.—Possession of Intoxicating Iiquor—Continuance—No Diligence Shown —Properly Refused.

Where a first application for a continuance has been made on account of the absence of a witness for whom process was not issued until a few days before the trial there was no error in refusing such a continuance, the diligence used to secure the presence of the witness not being sufficient.

2.—Same—Evidence—Impeaching the Accused—By Other Offenses—Held Proper.

Where on a trial for possession of intoxicating liquor for the purpose of sale there was no error in permitting the state on cross-examination of the appellant to prove that he had been many times tried for violating the liquor laws, and was at the time charged with several other such offenses, both in the state and Federal Courts. Nor was it necessary to produce the judgment or indictments against him as the evidence could only be admissible for impeaching purposes. See Sec. 167, Branch's Ann. P. C. for collation of authorities.

3.—Same—Evidence—Surprise to Appellant—Not Sustained.

Where appellant had testified that the whiskey found by officers in his possession at his camp, was brought there by a negro whom he described, but could not name, the sheriff having located said witness and brought him into court, there was no error in permitting such witness to testify. Appellant objecting to his testimony on the ground that he was surprised at same, and asking for a postponement, on account of the surprise, the postponement was properly refused.

4.—Same Charge of Court—On Reasonable Doubt—Held Correct.

Where in his main charge the court correctly charges on the law of reasonable doubt, objection to the charge because the law of reasonable doubt is not coupled with every sentence of the charge are hypercritical, and present no error.

5.—Same—Argument of Counsel—Held Proper.

Where appellant complains of the argument of counsel for the state nothing in his bill discloses any statement not warranted by the evidence, and nothing of an abusive or vituperative character is shown to have been indulged in, we cannot discover any error in such argument.

ON REHEARING

6.—Same—No Error Disclosed—Rehearing Overruled.

In the light of the appellant's motion for rehearing, a reexamination of the record leaves us of the opinion that on the original hearing the proper disposition of the appeal was made and the motion for rehearing is overruled.

Appeal from the District Court of Gregg County. Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty two years in the penitentiary.

The opinion states the case.

H. T. *Lyttleton* of Marshall, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the District Court of Gregg County for the offense of possessing liquor and his punishment assessed at confinement in the penitentiary for a term of two years.

The state's testimony shows that the appellant and a negro were found in a room at a camp which is described as the appellant's camp and that in said room was found whiskey in bottles and in a glass jar, and that there was some whiskey on the floor when the officers raided the place. It is also in evidence that when the officers raided it a jug containing whiskey was turned over and the whiskey allowed to run out of it. The officers testified that they recovered about three pints of whiskey at the place. The appellant defended on the theory that such whiskey as was found there had been bought by him and his associates who were there fishing, from a negro whose name they claimed they did not know. The appellant in his first bill of exception complains at the court's action in overruling his first application for a continuance. We think the diligence used to procure the absent witnesses was entirely insufficient. The application shows that a subpoena was asked for by appellant for said witness on the 10th day of October, 1924, and returned into court on the 14th day of October not served as to the witness Newville on account of said witness being out of the state. The record shows that the appellant was indicted in Harrison County on the 18th day of July 1924, and that his case was transferred from the District Court of Harrison County to the District Court of Gregg County on the 5th day of September, 1924. It further shows that the District Court of Gregg County met on the 6th day of October 1924. Under this condition of the record, we think appellant was wholly lacking in diligence in failing to have a subpoena issued for the witness Newville until the 10th day of October 1924. There is nothing in the motion showing or tending to show that if appellant had used sufficient diligence to have witness subpoenaed that he would have been temporarily out of the state at the time of this trial. From what has been said, it follows that appellant's complaints at the court's ac-

tion in overruling his first application for a continuance is without merit.

By bill of exceptions No. 2, appellant complains at the court's action in permitting the state to cross examine the defendant and show by him that he had been indicted and tried in a liquor case in Marshall, Texas, and to show further that there were two cases pending against him in the Federal Court for violation of the liquor law, and that there was another case pending against him in the District Court of Gregg County charging him with the sale of liquor. The objection to this testimony is that it was prejudical and improper and if it was admissible at all the record was the best evidence. These objections were properly overruled. When the appellant takes the stand and testifies as a witness he is subject to the same rules that govern other witnesses in the case. See Sec. 147 Branch's P. C. It has been held by this court in an unbroken line of decisions that it is always permissible for the state to show by a witness on cross examination that he has been indicted or a legal accusation has been made against him for a felony or for a misdemeanor involving moral turpitude, if not too remote. The rule is that this testimony is not admissible for the purpose of showing the appellant's guilt but it is admissible as touching his credibility as a witness. It has also been held that the judgment of conviction need not be produced when the only object is to impeach and not to disqualify the witness. See Sec. 167, Branch's Ann. P. C., for full collation of authorities.

By bill of exceptions No. 3, appellant complains at the court's action in permitting the state to introduce the testimony of the witness Sol Dukes. The testimony of this witness was to the effect that on the day the appellant's camp was raided he was present and had gone there for the purpose of and had bought whiskey from the appellant. Appellant's objection to the introduction of this testimony was to the effect that at the beginning of the trial he had moved the court to require the state to confront him with the witnesses and said motion was granted and that the witness Sol Dukes was not among those that the state had given him a list of and that no subpoena had been issued for said witness at the time the appellant went to trial and that after the state had introduced what the appellant thought was all of its testimony and the appellant was practically through with the introduction of his testimony and had permitted his witnesses to leave town and

go back to Harrison County and that court adjourned for recess on the evening of October 20 to meet again the next morning and that on the following morning the state offered the witness Sol Dukes and that when the witness was offered by the state, the appellant asked the court to continue or postpone the case, it being appellant's contention that he was surprised by the presence of the witness Dukes. This contention of appellant cannot be sustained. The facts show that the State introduced testimony showing that the appellant and others were in possession of liquor at the appellant's camp in Gregg County and this was the substance of the entire case made by the state on its examination of its witness in chief. The appellant on the other hand, introduced testimony showing that a mysterious negro whom the appellant described but could not name was present and that he had brought the whiskey there but a few moments before the officers raided the place. It seems that after the appellant had offered this testimony and the court recessed for the night of October 20, the officers of Gregg County went in search of the mysterious negro described by the appellant and found him in the person of the witness Sol Dukes. In fact the appellant admitted on the witness stand, in rebuttal, that the witness Sol Dukes was in fact the very negro that he had described in his testimony in chief but whose name he could not recall. Under this condition of the record, we think it should not have occasioned any surprise to the appellant to be confronted by this witness. The appellant, and the appellant alone, had made it necessary for the state to introduce this witness and we cannot say that under the conditions above stated the appellant was in any condition to say that he was surprised at the state's action in producing this witness. We think it even clearer, that if he was surprised, it was not such surprise as would entitle him to a postponement of the case.

Appellant's bill of exception No. 4 complains at a portion of the trial court's charge. The court instructed the jury in substance that if they believed from the evidence beyond a reasonable doubt that the appellant possessed the liquor for the purpose of sale to find him guilty and if they believed otherwise to acquit the defendant. The defendant excepted to the last portion of said charge wherein the court charged the jury "if you believe otherwise you will acquit the defendant," and suggested that these words be substituted therefor "if the

evidence raises in your mind a reasonable doubt as to the defendant's guilt you will acquit him." We think that the court had charged on the question of reasonable doubt in conformity with the law in the charge above referred to and he was not required to repeat the charge on reasonable doubt in connection with every sentence of his charge.

What has been said with reference to the court's action in refusing to permit the appellant to postpone the case on account of the testimony given by the witness Sol Duke disposes of the similar question raised by appellant in his bill of exceptions number five.

By bill of exceptions No. 6 appellant complains at the court's action in charging the jury on the effect of possession of more than a quart of intoxicating liquor. This charge was in the exact language of the statute and under the facts of this case, we think no error is shown by the bill complaining of the court's action in giving it.

Bill of exceptions No. 7 complains at the alleged misconduct of the prosecuting officers in arguing the case to the jury. We have carefully examined this bill and have reached the conclusion that no reversible error is shown with reference thereto. The bill of exceptions sets out at great length the argument of the county attorney of Gregg County and also the argument of the county attorney of Harrison County made in the case. We fail to find in said bill anything that could be ordinarily denominated a transgression of the rules of legitimate debate. As in all other cases, there are probably statements made that should have been left unsaid but we cannot adopt the rule of saying that an argument shall be made in any particular form. There is nothing in this record to show that any matters were discussed by either of the attorneys that were not in evidence in the case, and there is nothing in the argument that indicates that the appellant was in any manner abused or that any reference was in any manner made to matters prohibited by the statute. This being true, we ovverrule appellant's complaint as contained in said bill.

Finding no error in the record it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Our re-examination of the record in the light of the appellant's motion for rehearing leaves us of the opinion that on the original hearing the proper disposition of the appeal was made.

The motion is overruled.

*Overruled.*