## W. H. WHITWORTH V. THE STATE.

No. 10501.   Delivered January 12, 1927.

**1.—Possessing Intoxicating Liquor—Search Warrant—When Not Necessary.**

Under Art. 690, P. C. 1925, a warrant is not required for the search of an automobile when the searching officer has "probable cause," that is, a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing that the automobile is in use for the unlawful transportation of intoxicating liquor. See Carroll v. United States, 69 Law Ed. 543. Odenthal v. State, and Battle v. State, not yet published.

### 2.—Same—Probable Cause—Evidence Sufficient.

In the instant case, the appellant having been seen by officers driving his car while intoxicated, and thereafter engaging in an altercation of a serious character, was sufficient warrant for the officers to search his automobile, and to admit the evidence of the officers as to the result of such search, and appellant's bill complaining of the admission of this testimony presents no error.

### 3.—Same—Evidence—As to Probable Cause—Properly Admitted.

Where appellant objected to the statement of the sheriff that his deputy had stated to him that there might be some killing going on, the appellant having interposed objection to the result of the search, this testimony of the sheriff became material to prove the relevant facts touching the knowledge or information of the sheriff upon which he acted, to determine whether in making the search, there existed probable cause.

### 4.—Same—Reopening Case—No Abuse of Discretion Shown.

Where the court, after the state had closed its case, and before argument was concluded, permitted proof of a forfeiture of a bail bond by appellant, no abuse of discretion is shown. It is discretionary with the court to permit either party to reopen the case, and nothing in the bill suggests an abuse of this authority. Following Moore v. State, 7 Tex. Crim. App. 14, Branch's Ann. Tex. P. C., Sec. 98.

Appeal from the District Court of Gillespie County. Tried below before the Hon. J. H. McLean, Judge.

Appeal from a conviction for possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

*H. H. Sagebiel,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the possession of intoxicating liquor for the purpose of sale, punishment fixed at confinement in the penitentiary for a period of one year.

Appellant's automobile was searched by the sheriff and found to contain seven bottles of whiskey. Objection was made to the sheriff's testimony showing the result of the search upon the ground that the officer did not possess a search warrant. Appellant bases his contention upon Chapters 49 and 149, Acts of the Thirty-ninth Legislature, forbidding the introduction of testimony obtained through an unlawful search. Under Art. 690, P. C. 1925, a warrant is not required for the search of an automobile where the searching officer has "probable cause," that is, a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in

the belief that the automobile is in use for the unlawful transportation of intoxicating liquor.   See Carroll v. United States, 69 Law Ed., p. 543; Odenthal v. State, No. 9967, and Battle v. State No. 10505, not yet reported.

In the present instance Smith, a deputy sheriff, observed the appellant upon the streets of the town of Harper.   He was driving an automobile and was under the influence of intoxicating liquor.   Later the appellant came to the home of the witness and a conversation took place in which the witness was requested to accompany the appellant to the home of Mr. Whitewood in order that the baby of appellant might be seen, and that Whitewood objected.   The witness called Whitewood over the telephone.   He came and said that he had forbidden the appellant to come to his home; that he did not want to have anything to do with him.   The witness then telephoned the sheriff, who was at the county seat, reported the matter to him, and requested that he come to Harper, which he did, in company with his brother.

The sheriff testified that he went to Harper in response to a conversation with Smith, his deputy, and was led thereby to look into the car of the appellant.   The witness said he was informed by his deputy that it would be better for him to come; that there was going to be trouble between Whitworth and someone else, and in that connection said that there might be some killing going on.   Night had fallen before the sheriff and his brother reached the scene, and together with Smith they searched for the appellant for some time.   They finally observed his automobile and waited until he came to it.   Upon his arrival the car was searched by the sheriff in the presence of the other parties mentioned and the whiskey found.

The learned trial judge regarded the evidence related by the state's witnesses as adequate to show that before making the search the sheriff was possessed of such information as would meet the measure of the law touching probable cause for belief that the automobile was used for the purpose of transporting whiskey.   This court is not prepared to say that in reaching the conclusion that there was probable cause the trial judge was not justified. Under these circumstances, the result of the search was not inhibited by the articles of the statement mentioned above. Therefore, the bills of exceptions complaining of the receipt of the testimony touching the contents of the car and the exhibition of the whiskey found therein present no error.

In bill No. 5 complaint is made that the sheriff was permitted to state that his deputy had stated to him that there might be some killing going on.   The bill is too meager to warrant con-

sideration in that it fails to show the surrounding facts and circumstances which would lead to its proper appraisal or require an examination of the statement of facts to ascertain the relevancy of the complaint. However, an inspection of the statement of facts, a summary of which is set out above, would lead to the conclusion that the remark was a part of the conversation upon which the sheriff acted in searching the appellant's car. The appellant having interposed objection to the result of the search, it is competent to prove the relevant facts touching the knowledge or information of the sheriff upon which he acted so that the court might determine whether in making the search there existed "probable cause."

In another bill complaint is made that after the state had closed its case, and before the argument was concluded, the court permitted the introduction of the forfeiture of a bail bond by the appellant. It is discretionary with the court to permit either party to reopen the case and nothing in the bill suggests an abuse of this authority. Moore v. State, 7 Tex. Crim. App. 14; Branch's Ann. Tex. P. C., Sec. 98. We understand the law to permit the receipt of evidence of the forfeiture of a bail bond on the issue of flight. See Underhill's Crim. Ev., 3rd Ed., Sec. 203, note 44; Brown v. State, 57 Tex. Crim. Rep. 570; Cook v. State, 228 S. W. 214.

The judgment is affirmed.                                    *Affirmed.*