## E. E. HARDIWAY V. THE STATE.

### No. 11327.  Delivered January 25, 1928.

### Rehearing denied February 15, 1928.

**1.—Transporting Intoxicating Liquor — Warrant for Arrest — None Necessary.**

Where appellant was observed by a police officer driving his automobile along a street in the city of Paris with only one light, in violation of Art. 798, P. C., the officer had the legal right to pursue and arrest appellant without a warrant, and after his arrest to search his car, and evidence that it contained eleven fruit jars full of whiskey was admissible, in the absence of a search warrant.  See Odenthal v. State, 106 Tex. Crim. Rep. 1, and other cases cited.

**2.—Same — Evidence — Contradictory Statements — Sustaining Witness— Rule Stated.**

Where appellant had introduced evidence that the state's prosecuting witness had made contradictory statements to that given upon the trial, it was permissible for the state to sustain the witness by proof of his general reputation for truth and veracity, and also by proof that shortly after the transaction the witness made statements consistent with the testimony given by him on the trial.  See Goode v. State, 32 Tex. Crim. Rep. 505, and other cases cited.

**3.—Same—New Trial—Evidence—Not Newly Discovered.**

Where appellant sought a new trial on account of the absence of two witnesses by whom he claimed he could prove that he was in Oklahoma at the time of the purported offense, such evidence must have been known to appellant at the time of the trial, and therefore was not newly discovered and his motion was properly overruled.  See Art. 753, C. C. P., and note 25, Vernon's C. C. P., Vol. 2, p. 13.

ON REHEARING.

**4.—Same—No Error Disclosed.**

Where appellant files a brief motion for rehearing, without citation of any authorities or the discussion of any legal principles, such motion is not persuasive that our original disposition of his case was erroneous, and the motion is overruled.

Appeal from the District Court of Lamar County.  Tried below before the Hon. George P. Blackburn, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson,* State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor, punishment being one year in the penitentiary.

Chenault, a policeman in the city of Paris, in Lamar County,

was directing traffic on one of the streets and observed the car driven by appellant which had only one light burning.  The officer called his attention to the light and appellant indicating no intention to stop, the officer tried to detain the car on account of the defective lights.  Appellant drove by the officer, who, while attempting to stop the car, observed some fruit jars in the back of it.  Appellant drove away.  The officer got in another car and overtook appellant, who again refused to stop.  When about to be overtaken for the second time appellant and his wife abandoned the car and eluded the officers.  The car was found to contain eleven fruit jars full of whiskey and one partially full.  There is no merit in appellant's objection to Chenault's evidence because he had no search warrant.  None was needed under the facts of this case.  Appellant was violating the motor vehicle "head-light" law in driving a car with only one light.  (Art. 798, P. C.)  The officer had a right to arrest for such an offense without a warrant.  (Art. 803, P. C.)  While undertaking to perform his duty as an officer he observed the fruit jars in the back of the car.  This, together with appellant's subsequent conduct, furnished probable cause for the search of the car without a warrant.  Odenthal v. State, 106 Tex. Crim. Rep. 1, 290 S. W. 743; Washington v. State, 296 S. W. 512; Rochelle v. State, 294 S. W. 860; Plant v. State, 292 S. W. 550; Whitworth v. State, 105 Tex. Crim. Rep. 641, 290 S. W. 764; Battle v. State, 105 Tex. Crim. Rep. 568, 290 S. W. 762.

Bills 2 and 3 question the ruling of the court in permitting proof by the state sustaining its witness Chenault.  Appellant had introduced evidence that the witness had made statements contradictory of the testimony given by him on the trial.  Under such circumstances it was permissible for the state to prove his general reputation for truth and veracity to be good (Dixen v. State, 15 Tex. Crim. App. 271), and also to prove that shortly after the transaction the witness made statements consistent with the testimony given by him on the trial.  Goode v. State, 32 Tex. Crim. Rep. 505, 24 S. W. 102.  (For collation of authorities on each point see Branch's Ann. Tex. P. C., Secs. 181 and 184.)

Appellant sought a new trial on the ground of newly discovered evidence and attached to his motion the affidavit of two witnesses who resided in Oklahoma to the effect that appellant was in Oklahoma at the time he was claimed by the state to have been transporting the liquor in question.  The evidence of these witnesses is in no sense newly discovered.  The indictment charged the offense to have been committed on or about

October 1, 1925. The state confined it to October 1. The witnesses whose evidence is claimed to be newly discovered assert that they were with appellant in Hugo, Oklahoma, at the very time the offense is claimed to have been committed. If appellant was with these witnesses he must have known it all the time. Appellant fails to bring himself within the well known rules which must be complied with before a new trial will be awarded on the ground of newly discovered evidence. (Art. 753, C. C. P. See authorities collated under note 25, Vernon's C. C. P., Vol. 3, p. 13.)

The judgment is affirmed.                                    *Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files a brief motion without citation of any authorities or the discussion of any legal principles. He asserts that the verdict is in the face of the facts and in violation both of the law and the Constitution. We think the law is correctly interpreted by the authorities cited in the original opinion, and that the Constitution was in nowise violated.

The motion for rehearing is overruled.          *Overruled.*