BOB MCPHERSON v. THE STATE.

No. 12193.   Delivered February 13, 1929.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Appellant was indicted for the transportation of intoxicating liquor in one count and with the possession of same in a second count.   A verdict of guilty was returned and his punishment assessed at one year in the penitentiary.

A former appeal of this case will be found reported in 300 S. W., Page 936.

Only one bill of exception appears in the record.   This reflects the action of the Court in permitting the officer to testify to what he saw and found in appellant's automobile over the objection that the officer was not armed with a search warrant and that no probable cause existed for its search.   The Court qualifies the bill with the statement that he retired the jury and heard evidence and decided that probable cause did exist for the search of the automobile in question.   This testimony is brought up and shows that the officer had received information that appellant had been delivering whiskey illegally and particularly at the houses of certain negro women. While the officer was looking through the house of a negro woman, appellant drove up in front.   He went out and took a six-shooter off of appellant.   He then discovered whiskey in the car.   He testified: "In order to see this gallon jug of whiskey I did not have to remove or molest any portion of his car or property, didn't have to

turn a thing back or touch anything. The gallon jug was setting out perfectly open. I just had to use my sense of sight to see it. I did not touch his person or car in order to see it. * * * I expected I might find him at any time with liquor; I had heard of other places in town where he delivered whiskey. One time I had information from you that he would deliver whiskey at Ford's store." The officer further testified that he was not certain that what he saw in the car was whiskey until he smelled it but that it looked like whiskey.

We are of the opinion that probable cause existed for the search, if any could be said to have occurred, and that there was no error in the admission of the officer's testimony. Battle v. State, 105 Tex. Crim. Rep. 568; Rochelle v. State, 294 S. W. 860; Hardiway v. State, 2 S. W. (2nd) 455; Washington v. State, 296 S. W. 512; Peoples v. State, 296 S. W. 536; Hughes v. State, 298 S. W. 894; Mims v. State, 1 S. W. (2nd) 303; Moore v. State, 294 S. W. 551; Plant et al. v. State, 292 S. W. 550; Coleman v. State, 11 S. W. (2nd) 795; Whitworth v. State, 290 S. W. 764; Silver v. State, 8 S. W. (2nd) 145; Webb v. State, 8 S. W. (2nd) 165; Odenthal v. State, 290 S. W. 743.

The evidence being sufficient, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.