### J. A. W. JONES V. THE STATE.

No. 15316.   Delivered December 21, 1932.
Reported in 55 S. W. (2d) 560.

The opinion states the case.

*Clifford L. Stone* and *John C. Gray,* both of Henderson, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale; punishment assessed at two years in the penitentiary.

Peace officers searched the automobile of appellant and found therein four one-half gallons of whisky. The appellant did not testify nor offer any testimony in his behalf. No search warrant had been issued authorizing the search of appel-

lant's car. Objection was made to the testimony of the officers touching the result of the search on the ground that the search was made without a search warrant and without probable cause. The qualification to the bill of exception presenting this objection shows that, when the objection was made by appellant to the testimony, the jury was retired, and it is shown by the bill of exception that, before the evidence was admitted, R. W. Watson, one of the searching officers, testified that he had information that the appellant was handling whisky and had been watching him for a week or two; that on the day of the search he first saw the appellant's automobile on the square just a little before sundown; that it was a two-door Chevrolet, and he had seen the appellant riding in that automobile before; that he noticed the appellant driving the car and had seen him get out and look around, and several times when he got out of the car he would look on the back seat, and it looked to the officer like appellant was trying to hide something, and he saw him place an overcoat on something on the back seat; that, a number of times before, he noticed him talking to some bootleggers who were pinting whisky; that on the evening in question he saw him talking to a negro porter in the Randolph Hotel and another boy over by the oil exchange; that his actions were peculiar, and he noticed him talking to a fellow on the corner and pointing back east; that he then saw the appellant talking to the negro and pointing back east; that, after he saw him talking to these parties and pointing east, he saw appellant walk across to his automobile, and he noticed him looking back a time or two; appellant then drove off in the automobile and drove east, and one Hallmark, another deputy sheriff, and he, then followed appellant in an automobile; that the appellant drove across the bridge at the lake on the new Pine Hill Road and drove his car up above a filling station, and pulled in against the bank and cut his lights out; as the officers drove up beside appellant's automobile, the appellant opened the door, and they could see the bulk of something in the back seat of the appellant's car, and he (the witness) then asked appellant what he had in his car, and appellant made no reply; that there was an overcoat lying lengthwise on the back seat of appellant's car, and he could tell that there was something underneath the overcoat, and, upon raising the overcoat, he found four half-gallon jars of whisky, each in a paper sack.

The qualification to the bill of exception was to the effect that, after hearing said testimony, the court determined that the officers, from the facts, had probable cause to search de-

fendant's autmobile, and the facts of the search were admissible in evidence.

We think the testimony which has been quoted was sufficient to warrant the officers in searching the appellant's automobile, and it warranted the court in receiving the testimony relating to the result of the search, and that such facts would be sufficient to constitute probable cause as the term is defined in our decisions. In Landa v. Obert, 45 Texas, 539, the Supreme Court of this state defined "probable cause" as follows: "A reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." Where, in advance of the search of an automobile, there is evidence of facts showing probable cause, a search without a warrant is justified. See Rochelle v. State, 107 Texas Crim. Rep., 79, 294 S. W., 860; Battle v. State, 105 Texas Crim. Rep., 568, 290 S. W., 762; Odenthal v. State, 106 Texas Crim. Rep., 1, 290 S. W., 743. As said in Battle v. State, supra, "Whether 'probable' cause existed to authorize the search is largely a question of facts." We would not feel warranted in holding, as a matter of law, that "probable cause" was not shown to have existed in the present instance.

By bill of exception No. 3 complaint is made of the action of the trial court in permitting the introduction of one of the officer's testimony that, when the appellant stepped out of his car at the time of the search, the officer asked him what he had under the coat on the back seat of his car and the appellant did not say anything. Appellant objected to said testimony for the reason that appellant was under arrest prior to the time of the search being made and he had been detained by two deputies, who testified that they were officers, and further because they had no search warrant, nor does the testimony given by them constitute probable cause whereby the same witnesses were justified in searching said car.

There is nothing in this bill showing that the appellant was under arrest at the time the question was asked. There is nothing in the bill to verify the truth of the objections that he was under arrest, and a mere statement of a ground of objection in a bill of exception is not a certificate of the judge that the facts which formed the basis of the objection are true. The bill merely shows that such an objection was made, and the appellant did not incorporate a sufficient amount of the evidence in the bill as would verify the truth of his objection. Therefore, the bill is not subject to consideration under the authorities.

See Coleman v. State, 110 Texas Crim. Rep., 409, 10 S. W. (2d) 259; Arnold v. State, 74 Texas Crim. Rep., 269, 168 S. W., 122; Fisher v. State, 107 Texas Crim. Rep., 383, 296 S. W., 545; Stanford v. State, 103 Texas Crim. Rep., 182, 280 S. W., 798.

Other bills of exception in the record relate to the officers giving in evidence the acts and conduct of the appellant just prior to the discovery of the whisky, that is, with reference to his talking to a negro porter and other parties. The officer did not attempt to give any evidence on this matter further than to detail the acts and conduct of the appellant prior to the discovery of the whisky in his possession. As these bills are presented, no error is shown.

We note that the verdict of the jury finding the appellant guilty assessed his punishment at two years in the penitentiary and the sentence fixed his punishment at confinement in the pententiary for not less than two nor more than two years. The sentence will therefore be reformed so as to assess appellant's punishment at confinement in the penitentiary for an indeterminate period of not less than one year nor more than two years, and, as so reformed, no reversible error appearing, the judgment is affirmed.

*Reformed and affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.