## C. H. WEAVER V. THE STATE.

No. 15655. Delivered March 15, 1933.
Rehearing Denied April 26, 1933.
Reported in 59 S. W. (2d) 396.

The opinion states the case.

*Perkins & Perkins,* of Rusk, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor, punishment being two years in the penitentiary.

This is the second appeal. The result of the first will be found reported in 44 S. W. (2d) 731. A companion case, Oscar Weaver v. State, is reported in 38 S. W. (2d) 85.

Officers found in the car occupied by appellant and his

brother, Oscar Weaver, thirty half-gallons of whisky. The only question presented is whether in advance of the search which resulted in finding the whisky the officers were in possession of information which furnished probable cause for the search. When the question came up in the trial the court retired the jury and heard evidence upon the issue of probable cause, which evidence is brought forward in a separate statement of facts. After hearing the testimony the court ruled that probable cause existed and permitted the evidence of the officers to go to the jury. This ruling of the court we are asked to review. The evidence on the issue of probable cause is too long to be set out in full. It shows that the search was made at night on a road between Rusk and Recklaw at a bridge over Mud Creek. The officers were not looking for appellant nor his brother on the occasion in question, but had a warrant to arrest *Red Parrish*. Four officers all travelling in one car went to the home of Parrish. Whether they arrested him there or at the creek as they came back towards Rusk is uncertain from the record. At any rate, the car belonging to Parrish, in some way not shown from the record, arrived at a point near the bridge over Mud Creek, and was parked there. Two officers secreted themselves behind said car and the other two took Parrish to Rusk. It was shown that the officers had received information two or three times and from more than one party that appellant was transporting intoxicating liquor to and from Rusk to Recklaw, and was making said trips once or twice each week. There were two roads between Rusk and Recklaw. The officers had no information as to which road appellant travelled, nor that he would be on the particular road where the search was made on the night in question, nor that he would have whisky with him on that particular night. About two o'clock that night the officers saw a car approaching from the direction of Rusk; near the bridge the car slowed down and the horn was lightly sounded, and the car then went on north. As it passed the officers recognized appellant and his brother as the occupants of the car. No effort was made to stop them at that time. Before the parties were recognized the car was again gathering momentum. In about ten minutes the car came back. In the meantime the officers had received no additional information as to whether appellant was then transporting intoxicating liquor. As appellant's car approached the bridge on the return trip it slowed down, or stopped, and appellant said, "Come out of there, *Red*." It was then the officers proceeded to the car and searched it. In addition to the information already stated which they had received regarding appellant's movements, the

officers had also been informed that appellant was delivering to *Red* Parrish the liquor he was said to be transporting. It was *Red's* car behind which the officers were hidden, and it was *Red* whom appellant invited to come out. The officers had a right to rely, not only upon the information they had received from other parties, but in connection therewith could properly take into consideration all the circumstances immediately preceding the search which gave color to the advance information. It was upon these combined facts the trial court determined the existence of probable cause. In overruling appellant's objection, and permitting evidence as to the result of the search to go to the jury, we entertain no doubt that the ruling of the trial court was correct. If the information and circumstances known to the officers in advance of the search were sufficiently strong in themselves to warrant a cautious man in the belief that the automobile was then being used for the unlawful transportation of liquor, the search was upon probable cause. Landa v. Obert, 45 Texas, 539; Battle v. State, 105 Texas Crim. Rep., 568, 290 S. W., 762; Carroll v. U. S., 267 U. S., 132, 69 L. Ed., 543, 39 A. L. R., 790; Whitworth v. State, 105 Texas Crim. Rep., 641, 290 S. W., 764. Many other authorities will be found collated in McPherson v. State, 111 Texas Crim. Rep., 558, 15 S. W. (2d) 633. From information the officers had, and the actions of appellant on the night in question, the officers were fully warranted in believing that appellant was making one of his regular trips, and was prepared to make delivery of intoxicating liquor to Red Parrish.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—In the statement of the evidence heard by the trial judge in ruling upon the question of "probably cause," there is found, in addition to that stated in the original opinion, the following testimony of Officer Swann: "I had received information from some one that the defendant, C. H. Weaver, was transporting liquor to and from Rusk, Texas, to Reklaw, Texas. * * * I do not know how often I was advised that this defendant was going to and from Rusk to Reklaw transporting whisky; I received the information two or three times. I was advised that he was making the trips once or twice a week. I had received that information some time prior to this search, and had received the information more than one time, and from more than one party."

On cross-examination, appellant's counsel drew from the

witness the following admissions: "I searched them on suspicion and information, too; that is right, and that is right now. I did not have a single bit of information that he was carrying liquor there that night."

On re-direct examination the officer testified: "I had information that this defendant was transporting liquor and delivering it to Red Parrish—that is the night I made the arrest. I had a warrant for Red Parrish."

The term "probable cause," as used in article 1, section 9, Constitution of Texas, prohibiting unreasonable searches and seizures, has been defined in substance in the following language: "No warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation."

In the case of Landa v. Obert, 45 Texas Rep., 539, the term "probable cause" is defined thus: "A reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged."

In Cooley's Constitutional Limitations (6th Ed.) p. 368. it is said: "And the law in requiring the showing of reasonable cause for suspicion intends that evidence shall be given of such facts as shall satisfy the magistrate that the suspicion is well-founded; for the suspicion itself is no ground for the warrant except. as the facts justify it."

In the present instance. the evidence is regarded as sufficient to show a legal search.

The motion for rehearing is overruled.

*Overruled.*