ERNEST CAIN v. THE STATE.

No. 16223. Delivered January 17, 1934.
Rehearing Denied March 21, 1934.
Reported in 69 S. W. (2d) 140.

The opinion states the case.

*Ghent Sanderford,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor, the punishment being two years in the penitentiary.

Four officers, Starr, Curtsinger, Sheppard and Holbrook, in a car, were following appellant's car in which were appellant and Hawk. The officers stopped appellant and Starr and Sheppard got out of their car. Starr told appellant they wanted to search his car, to which appellant replied "All right," but just as Starr was in the act of opening the door appellant started his car suddenly, knocking Starr and Sheppard down. The other two officers followed appellant's car and saw Hawk throw three pint bottles out. They could see that the bottles had some sort of liquid in them. The bottles broke on the pavement. The officers came back shortly and examined the broken bottles and found they bore the odor of whisky. After Hawk threw the bottles out the officers continued the pursuit of appellant's car and when it was finally overtaken again the officers found in a sack a jar and a number of bottles, in all of which there was a very small quantity of whisky, a few drops, but enough to taste and tell what it was. Hawk was eighteen years old. His testimony, in substance, was that he got in the car with

appellant, who drove to the negro part of town, got out of the car, and went into a house with something in a paper sack; that while appellant was in the house witness took a drink of whisky from a bottle which was on the car seat. Witness said he did not put it there and had no whisky with him when he got in the car. He details as follows what happened after appellant drove away from the officers: "I threw three pint bottles out after we turned off on to that paved street. I don't know if they had anything in them or not, I think they did. I tried to throw them against the pavement. Those bottles came out of the car and I think maybe he handed them to me. He had them on or about his person. He had them under his belt and handed them to me. I think he handed me one of them and then maybe I got the other one. The reason I threw the bottles out I didn't know what he was running for; he told me to throw them out."

Appellant's witnesses testified that when Hawk got in the car he had some bottles of whisky in his shirt, and that while appellant was in the house in "negro town" Hawk exhibited some whisky and offered to sell it. Appellant denied having any whisky in the car when Hawk entered it, and denied any knowledge that Hawk had any, if he did. He explained that he was selling a fly spray and that he had bought the bottles found in the car to put fly spray in.

Bills of exception 1, 2, 3 and 4 complain of the proof made by the officers that when they stopped appellant, telling him they wanted to search his car, that he drove away, the objection being that they had no search warrant, and that the attempted search was illegal. All of the bills are qualified with the statement that officer Starr testified that he had information from a reliable source that appellant "then had whisky in his car," giving the name of the party from whom he had received the information. The qualification shows that the officers were acting with probable cause in their effort to search the car. Landa v. Obert, 45 Texas, 539; McPherson v. State, 111 Texas Crim. Rep., 558, 15 S. W. (2d) 633; Weaver v. State, 59 S. W. (2d) 396, and authorities therein cited.

In view of the instructions given by the court, the complaint brought forward in bill of exception No. 5 to the refusal of a special charge presents no error.

By bill of exception No. 6 appellant complains because the court did not instruct the jury on the law of circumstantial evidence. No such instruction was called for. Hawk's testimony took the case out of the circumstantial evidence class.

From bill of exception No. 7 it appears that appellant sought to have the jury instructed that if Hawk got in appellant's car

with whisky, and that appellant did not own or have any interest in it he would not be guilty of transporting liquor although he drove Hawk over the streets of Denton. This is not the law and the charge was properly refused. Dunlap v. State, 100 Texas Crim. Rep., 649, 274 S. W., 564. The court properly and sufficiently told the jury in his main charge that appellant could not be convicted unless he knowingly transported intoxicating liquor and that if they found beyond a reasonable doubt there was intoxicating liquor in the car, still they could not convict unless they also found beyond a reasonable doubt that appellant knew he was transporting it.

Finding no errors in the record, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that the case is one of circumstantial evidence, and that the court erred in refusing to give his special charge. Witness Hawk swore positively that he and appellant were driving in a car on a public highway. This was traveling. He swore that he found out presently, during the time they were so driving, appellant had at least three bottles of what the officers said was whisky, upon his person in said car. This was transportation. Whisky is a known intoxicant of which fact we take judicial cognizance. This made by positive testimony a complete case of transportation of intoxicating liquor.

The motion for rehearing is overruled.

*Overruled.*