## CARWILE v. STATE.
### No. 16878.

Court of Criminal Appeals of Texas.
Oct. 24, 1934.

Rehearing Denied Dec. 12, 1934.

Fred O. Jaye, of De Leon, and Oscar Callaway, of Comanche, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for possessing intoxicating liquor for purposes of sale; punishment, three years in the penitentiary.

Eleven bills of exception are in the record. Bills 1, 6, 7, 8, 9, and 10 present substantially the same complaint. The state introduced Ed Brown as a witness, evidently expecting him to testify that appellant had stored some of his goods at the home of witness, but was not living there at the time officers went to Brown's residence with a search warrant. While on the witness stand Brown testified that appellant had engaged a room from him some days before the search, and was in fact living at the home of witness when the search was made. Brown admitted making an untrue statement to the district attorney before he was placed upon the witness stand, but claimed same was made because he did not understand what was asked him. There was no error, under these circumstances, in letting the state prove by two witnesses what Brown had said to the state's attorney before he was put on the witness stand by the state, since it plainly appeared that Brown's testimony was hurtful to the state, and that the testimony of said two witnesses introduced to testify to the conversation between Brown and the district attorney shed adverse light on Brown's claim that he misunderstood what was said to him by said district attorney when asked about what his testimony would be when a witness. Mr. Branch, in his Annotated P. C., § 164, cites many authorities, including Kirk v. State, 35 Tex. Cr. R. 230, 32 S. W. 1045, and Brown v. State, 55 Tex. Cr. R. 9, 114 S. W. 820, supporting the proposition that in such case the state might impeach its own witness. See, also, article 732, C. C. P.; Bryan v. State, 90 Tex. Cr. R. 175, 234 S. W. 83; Cannon v. State, 83 Tex. Cr. R. 154, 202 S. W. 83; Caldarera v. State, 122 Tex. Cr. R. 46, 53 S.W.(2d) 485. The authorities cited by appellant do not hold contrary to these.

Appellant's bill of exceptions 2 attacks the court's charge. Paragraph 4 of said charge is as follows: "Our statute further provides wherever possession for the purpose of sale is made unlawful by law, proof of the possession of more than one quart of intoxicating liquor shall be prima facie evidence of guilt, but the defendant shall have the right to introduce evidence showing the legality of such possession, and by prima facie evidence is meant not that the evidence is conclusive, but that it may be rebutted or overcome by the contrary. The defendant is presumed to be innocent until his guilt is established by the evidence to your satisfaction beyond a reasonable doubt and unless the evidence in this case so satisfies you, then you should find the defendant not guilty." This was excepted to as on the weight of the evidence, and as being calculated to lead the jury to think that in the mind of the court proof of possession of more than a quart of intoxicating liquor was sufficient. We see nothing in this charge to make it a proper subject to either ground of exception. Upon the facts, it developed that the search of appellant's car by officers revealed the presence of 36 half-gallon jars of whisky in said car which was standing near the house of Brown, in which house appellant was at the time of said search. No effort was made by appellant to set up any lawful possession of said whisky. Such facts wholly differentiate this case from Johnson v. State, 112 Tex. Cr. R. 528, 17 S.W.(2d) 1074; Ratliff v. State, 114 Tex. Cr. R. 142, 25 S.W.(2d) 343, and Uptmore v. State, 116 Tex. Cr. R. 181, 32 S.W.(2d) 474, to which our attention has been directed. The giving of such charge in a case like this, on facts like these, seems upheld in Louis v. State, 102 Tex. Cr. R. 440, 278 S. W. 205; Jackson v. State, 103 Tex. Cr. R. 258, 280 S. W. 836, and other cases. In other parts of the charge the jury were plainly told that the evidence of the state must show beyond a reasonable doubt that appellant possessed the whisky for the purpose of sale.

Bill of exceptions 3 complains of the refusal of the court to charge the jury not to consider testimony as to what was found by the officers upon search of appellant's car, because they had no search warrant authorizing such search; bill 4 complains of a similar refusal to charge the jury not to consider such testimony because there was no showing that the officers had a search warrant authorizing search of appellant's car and no probable cause for believing that intoxicating liquor was in said car so that they might justify search thereof without warrant. This

bill was marked refused by the court because the charge asked was on the weight of the evidence. Bill of exceptions 5 complains of the refusal of a special charge seeking to have the jury told that they could not consider the testimony of the officers as to what they found in appellant's car while acting under a search warrant authorizing the search of the home and premises of Ed Brown; also that such search warrant would not authorize the search of premises or property of appellant. Bill 11 complains of the court's refusal to strike out testimony of four named witnesses as to their seizure of the whisky in question for the claimed reason that said whisky was found on premises and property of appellant without any search warrant being had by said parties authorizing such search. We have thus referred to these last bills of exception because they advance the same general proposition.

■ We have examined this record carefully to see if anywhere therein, either in the statement of facts or as part of any bill of exceptions there be found any search warrant or other warrant for the arrest of appellant but fail to find same. Presumably if such search warrant or warrant of arrest was used during the trial it was exhibited to the trial court for his inspection and found by him to be in correct form. We find no testimony in behalf of appellant on this or any other issue.

The officers testified that they were armed with a search warrant directing the search of Brown's place, one of them referring to it as Brown's premises, another as Brown's house, and another as Brown's one acre lot. No issue seems to have been made as to the contents or extent of the description of the property to be searched as laid in said search warrant. It is also in testimony that, when the officers went to Brown's place they were also looking for this appellant, and that they had in their possession a warrant for him. Two of the searching officers who lived in the town of De Leon where the arrest was made testified that they had information shortly before the search that appellant was going to be at Brown's house that night with a carload of whisky, or that he was already there. That they had such information was in no wise combated or contradicted. When they went to Brown's premises they found appellant in the house, and also found within a few feet of said house appellant's car in which they found the whisky mentioned. It might be argued that, having a search warrant authorizing search of Brown's house, premises and lot, as above stated, this authorized a search of each house and probably of the car located on said lot; or it might be well argued that the information had by the officers, just before going to said house, of the fact that appellant had there a carload of whisky, justified their search of his car upon probable cause without search warrant therefor; or again it might be contended that, having a warrant for the arrest of appellant, a search of his car coincident with his arrest upon said warrant was permissible. Authorities might be cited in support of the soundness of each proposition. See Battle v. State, 105 Tex. Cr. R. 568, 290 S. W. 762; Whitworth v. State, 105 Tex. Cr. R. 641, 290 S. W. 764; Hurst v. State, 111 Tex. Cr. R. 245, 13 S.W.(2d) 95; Graves v. State (Tex. Cr. App.) 20 S.W.(2d) 769; Watson v. State, 110 Tex. Cr. R. 199, 7 S.W.(2d) 586, 9 S.W.(2d) 265; Cruze v. State, 114 Tex. Cr. R. 450, 25 S.W.(2d) 875; Dikes v. State, 120 Tex. Cr. R. 127, 48 S.W.(2d) 259; Carroll v. State, 107 Tex. Cr. R. 236, 296 S. W. 543; Scoggin v. State, 117 Tex. Cr. R. 294, 38 S.W.(2d) 592; Sims v. State, 119 Tex. Cr. R. 83, 45 S.W.(2d) 579; Jones v. State, 122 Tex. Cr. R. 344, 55 S.W.(2d) 560; Turner v. State, 119 Tex. Cr. R. 323, 45 S.W.(2d) 205.

We see no good reason for entering into a discussion of the many authorities cited in the able brief filed on behalf of appellant, believing none of them advance propositions justifying or calling for a reversal of the case.

The judgment will be affirmed.

### On Motion for Rehearing.

HAWKINS, Judge.

■ The indictment was returned in April, 1933. It alleged that appellant possessed for the purpose of sale "spirituous, vinous and malt liquor capable of producing intoxication." Appellant contends that, under the holding in Offield v. State (Tex. Cr. App.) 75 S. W.(2d) 882, decided October. 31, 1934, the indictment is bad. The holding in said case is misconstrued. It was expressly held therein that the sale, or possession for sale, of spirituous liquor capable of producing intoxication was, at the time alleged in the indictment, and is now, an offense anywhere in the state, so that part of the indictment in the present case which alleged the possession for sale by appellant of spirituous liquor capable of producing intoxication charged an offense. The proof showed the liquor involved was whisky, a spirituous liquor. If vinous or malt liquor had been involved, there would have been merit in appellant's contention.

We are not able to agree with appellant's proposition that the court committed error in admitting evidence of what witness Brown told the district attorney a short time before the witness was placed on the stand by the state. As we understand the record, appellant was resisting any evidence regarding the result of the search of appellant's room, on the ground that the warrant only authorized a search of Brown's residence. Appellant was claiming that he had a room rented from Brown, and was living there at the time the search was made; that it was therefore appellant's residence, and the warrant did not authorize a search of appellant's room. Evidently the district attorney understood from his conversation with Brown that he would testify that appellant did not live at Brown's house at the time of the search, but he testified directly to the contrary. The evidence was affirmatively hurtful to the state, and doubtless caused the court to withdraw from the jury the evidence of what was found in appellant's room as a result of the search. The court committed no error in permitting the state to impeach the witness in the manner and under the circumstances appearing.

We deem it unnecessary to discuss other questions presented in appellant's motion for rehearing. They appear to have been properly disposed of in our original opinion.

The motion for rehearing is overruled.