JOHN KENNEDY V. THE STATE.

No. 17141. Delivered January 16, 1935.·
Rehearing Denied February 27, 1935.

The opinion states the case.

*E. A. Martin*, of Gilmer, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for selling spirituous liquor; punishment, three years in the penitentiary.

The record is here without any statement of facts or bills of exception. An attorney for the accused has filed in this court an argument urging that the indictment is fatally defective under the opinion in the case of Offield v. State, 75 S. W. (2) 882 (127 Texas Crim. Rep., 237). The Offield case is not authority for granting any relief to this appellant. In the indictment in the case before us it was charged that appellant sold spirituous liquor. The selling of spirituous liquor is an offense against the law anywhere in Texas.

The indictment sufficiently charging the offense, and no error appearing, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant fails to draw the distinction between the indictment in this case and in that found in Offield v. State, 75 S. W. (2d) 882 (127 Texas Crim. Rep., 237). An indictment in all respects like the one here was upheld in Carwile v. State, No. 16,878, opinion on rehearing of date December 12, 1934, not yet reported.* While no statement of facts is in the record, the charge of the court shows the liquor in question was whisky, a spirituous liquor.

Appellant makes the point that the indictment contained a recital that the grand jury which returned the indictment was

organized at the September term ((193—." Attached to appellant's motion is what purports to be a copy of an indictment which contains such recital. It is in no way authenticated. The indictment as found in the authenticated transcript recites that the grand jury was organized at the September term, *1933.*

The motion for rehearing is overruled.

*(127 Texas Crim. Rep., 358.)

*Overruled.*